MOSIER *et al.* v. THE CITY OF DES MOINES.

Municipal corporation: DETACHMENT OF TERRITORY FROM CITY. Territory within the limits of a city should not be severed therefrom, in a proceeding under sections 1048 *et seq.* of the Revision, on the ground that it receives no benefits from the municipal improvements, and is not needed for present municipal purposes, if it is manifest, from the facts in the case, that it will soon be required for such purposes in the extension and growth of the city in that direction.

*Appeal from Polk District Court.*

SATURDAY, JANUARY 28.

THIS proceeding was commenced in the district court of Polk county, by the petitioners, under the provisions of sections 1048, 1049, 1050, 1051, 1052, 1053, 1054 and 1055 of the Revision of 1860, praying that certain territory described in their petition be severed from and stricken out of the corporate limits of the city of Des Moines. The prayer of petitioners, as to a portion of the described territory, was granted by the district court, and the same was severed from and stricken out of the limits of the city by a decree of the court, from which the city appeals.

*Seward Smith* for the appellant.

No appearance for the appellees.

MILLER, J. — The proceedings are regular, and the question for our determination is, whether, upon the evidence contained in the record, the petitioners are entitled to the relief prayed in their petition.

The statute provides (§ 1051), "If the court or jury, after hearing the petition and evidence bearing upon the subject-matter thereof, shall be satisfied that said petition has been signed by a majority of the property holders

residing within the limits of the part of the city or town described in the petition and plat, and that the limits have been accurately described, and a correct map or plat thereof made and filed, *and if the court or jury shall be further satisfied, that justice and equity require that the prayer of the petitioners should be granted,* the court shall appoint three disinterested persons commissioners, to settle and adjust the terms upon which such part shall be so stricken out, as to any debts or liabilities of such city or town that have accrued during the connection of such part with such corporation."

The principal reasons assigned by the petitioners for asking their property to be severed from the city are, that they receive no benefits from the expenditures of the city revenues; that no improvements of streets and public highways are made by the city in the vicinity of the territory described, and that, therefore, they ought to be relieved from city taxation.

These alleged facts are denied by the answer. The burden of proof is therefore on the petitioners.

The evidence offered by petitioners tends to show that the territory sought to be severed from the limits of the city is of such a character as that it would not be subject *at this time* to municipal taxation under the decisions of this court. And this is all that the evidence for plaintiffs does show. It is not shown that the territory is not or will not in a short time be needed for purposes of the city in its growth and extension.

On the other hand it is shown by defendant's evidence that all the property within the city limits which was not liable to municipal taxation was, by direction of the city council, relieved of such taxes. And the evidence shows very satisfactorily that the settlements and population of the city for several years has been and is now rapidly tending in the direction of the territory sought to be detached from the city, that in said direction the city is being rap-

idly improved from year to year, making it manifest that the territory in question will very soon be required in the extension of the settlement and improvements of the city, and that a dismemberment of the territory belonging to petitioners would work a material injury to the city in its growth and prosperity. On this there is no conflict in the evidence. We are, therefore, clear that *"justice and equity"* does not require that this territory should be severed from the city. But on the other hand great injustice would result to the corporation without any corresponding advantages to the petitioners.

The decree of the district court is

Reversed.