JURIAN WINNEY, Appellee, v. SANDWICH MANUFACTUR-
ING COMPANY, Appellant.*

1. **Limitation of Actions**: PLEADING. Where in an action upon a claim which, as against a resident of this state, was barred by the statute of limitations, the plaintiff, for the purpose of avoiding the statute, alleged in his petition that the defendant was a resident of the state of Illinois, and a demurrer thereto being sustained, filed an amended petition wherein he alleged that the defendant had been a non-resident of this state ever since said cause of action accrued, *held*, that a motion to strike the amended petition was properly overruled.

2. ———: OPERATION IN FAVOR OF NON-RESIDENTS: SERVICE OF NOTICE ON AGENTS. The maintenance of an agency in this state by a non-resident corporation for the sale of *repairs*, will not set in operation the running of the statute of limitations against an action for damages for a breach of warranty in the sale of a harvester purchased of said corporation.

3. ———: ———: ———. The running of the statute of limitations in favor of a non-resident corporation, having an agent in this state for the general management of its business, is not dependent upon the fact of such agency being known to, or such knowledge being attainable by, residents of this state having claims against such corporation.

4. ———: ———: ———. A manufacturing corporation of a foreign state, which has no established office or agency in this state, cannot avail itself of the defense of the statute of limitations, although it may at times have a general agent in this state upon whom service of process might be made.

*The original opinion in this case was withdrawn from the files by the court, and for that reason is not published in these reports.— REPORTER.

5. INTEREST: PLEADING: INSTRUCTIONS TO JURY. Where in an action for damages for a breach of warranty in the sale of a harvester, the recovery of interest was prayed from the time suit was commenced, *held*, that an instruction to the jury that the plaintiff might recover interest from the date of sale was erroneous.

*Appeal from Franklin District Court.*—HON. D. R. HINDMAN, Judge.

TUESDAY, OCTOBER 25, 1892.

ACTION for damages for the breach of an oral contract of warranty of a harvester bought by plaintiff of the defendant. There was a trial to a jury resulting in a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Andrews & Bedell*, for appellant.

*Taylor & Evans*, for appellee.

KINNE, J.—I. The original opinion in this case will be found in 50 N. W. Rep. 565. February 28,

1. LIMITATION of actions: pleading.

1889, the plaintiff filed a petition asking damages on an oral contract of warranty made in 1883. An amendment to the petition was filed in March, 1889, alleging that the defendant was a foreign corporation; that the contract was made with its agent at Hampton, Iowa; that said agency terminated in 1885, and was never re-established. It pleaded the warranty, the breaches thereof, and that in 1885, the defendant agreed to so fix the harvester that it would comply with the warranty; pleaded its refusal so to do; and that said agency was terminated immediately thereafter. A demurrer to the petition was sustained, and a substituted petition was filed, which alleged that in 1883 the contract was made with one Coble, then an agent of the defendant at

Hampton, Iowa; that he ceased to be such agent in July, 1885, and that since that time the defendant had never had an agency at said place; that the defendant then was, and ever since continued to be, a non-resident of this state, and the plaintiff could not, at any time after July 25, 1885, and prior to January 1, 1889, obtain personal service on the defendant in this state. Other allegations were made, not necessary to be set out here. A motion to strike the substituted petition was sustained as to a portion not set out herein, and overruled as to the balance. The defendant insists that the motion should have been sustained, because the substituted petition is, in effect, the same as the original petition, to which a demurrer was sustained. One of the grounds of the demurrer was, that the cause of action was barred by the statute of limitations.

The amended petition alleges that the defendant is a foreign corporation, having its principal place of business in and being a resident of Illinois, but it does not aver that it was a non-resident of this state. In the substituted petition it is alleged that the defendant was a non-resident of the state, and personal service could not have been had on it in this state after 1885. Although the defendant was a resident of Illinois, yet, if it had an agency in this state, it would constitute it a resident of Iowa, so as to authorize the service of process on its agent in an action brought against it. Hence it appears from the allegations of the substituted petition that from 1885 to 1889 no action could have been brought against the defendant in this state. The substituted petition, thus showing on its face that the action was not barred, was not vulnerable to a demurrer, and hence the motion to strike was properly overruled, so far as it was based on the defense of the statute of limitations.

II. The sixth instruction given by the court reads thus:

"If you shall find from the evidence that the defendant during the year 1883 had an agent and agency at Hampton, Iowa, for the sale of reapers and binders, and that in July of said year said agent sold to the plaintiff the machine in question, then the original notice in this action could have been served upon such agent or his successor in such agency at any time while such agent or his successor retained the agency and authority to sell such machines, or to settle for any damages arising from warranty on the sale of such machines. But if such agency for the sale or management of the reaping and binding machines was revoked and canceled by the defendant and such agent at such agency at any time, then, and in that case, service of the original notice in this action could not have been legally made upon such agent so as to bind the defendant while such revocation and cancellation existed, *even though you should find that defendant had still kept an agent or agency there, whose duties were limited to the sale of his repairs and other implements.*"

*2. ——: operation in favor of non-residents: service of notice on agents.*

The appellant objects to so much of the instruction as is in italics. The instruction seems to mean that service, to be good, would have to be made on an agent engaged in conducting the business out of which the contract arose. To that extent it is correct. *State Insurance Co. v. Granger*, 62 Iowa, 372; *Philip v. Covenant Mut. Ben. Association*, 62 Iowa, 633. In some other respects we think the instruction is erroneous, but the appellant does not complain of it.

III. The court also instructed the jury on the theory that the defendant might avail itself of the statute of limitations as follows:

"If you shall find from the evidence that between the date of the alleged purchase and warranty of the machine in question and the time of the commencement of this action, the defendant had one

*3. ——: ——: ——.*

or more general agents located in this state, and that plaintiff knew such facts, or by the exercise of ordinary prudence and diligence he could have ascertained such fact, then, and in that case, you are justified in finding that during the time defendant's said general agents were located in the state, and the plaintiff (knew,) or by the exercise of ordinary prudence and diligence could have known such fact, that during such time, for the purpose of this suit, the defendant was a resident of this state. But even though you shall find that during said time or a part of such time the defendant did have a general agent or agents located in the state, but that, owing to such fact not being generally known, plaintiff did not know of it, and by the exercise of ordinary prudence and diligence could not have known of it, then, and in that case, the mere fact that defendant did have a general agent or agents in the state would not constitute defendant a resident of this state for the purpose of this action."

The appellant complains of this instruction, for that the running of the statute of limitations is made to depend upon the knowledge that the plaintiff had, or by the exercise of ordinary prudence and diligence might have had, of the existence within this state of an agent of the defendant, having general management of its business. This instruction is evidently drawn in view of the provisions of section 2612 of the Code, which reads: "When the action is against a municipal corporation, service may be made on the mayor or clerk, and, if against any other corporation, on any trustee or officer thereof, or on any agent employed in general management of its business," etc. Under the provisions of this section, service made on the defendant's agent employed in the general management of its business would be good. Nor need such agent have a fixed or definite place of business or location, but he might be served at any place where

found within the state.   *Centennial Mut. Life Associa-tion v. Walker*, 50 Iowa, 78.   But the instruction in effect holds that, though the defendant might have an agent in the state, employed in the general management of its business, yet, if such fact was not known to the plaintiff, and he could not have ascertained it by the exercise of proper care and diligence, then the statute of limitations would not run against the plaintiff's cause of action.   In other words, the running of the statute is made to depend upon the plaintiff's knowledge or lack of knowledge of the fact of the existence of a general agent in the state.   We do not think that this is the law.   The running of the statute in such a case must depend on the fact of residence of the defendant, in such a sense that service of process could be made upon it.   If it be to that extent a resident, the statute would run in its favor, regardless of the fact of the plaintiff's knowledge of such residence, if such defense was available in favor of the defendant, a question hereafter discussed.

IV.   The sixth instruction, in effect, states the law to be that a foreign corporation can set in operation in its favor the statute of limitations by establishing an office or agency in this state.   In the eighth instruction it is held that such corporation can accomplish the same purpose by having a general agent located in this state, if the plaintiff knew, or by the exercise of ordinary prudence might know, that such an agent was located in this state.

Our statute provides that "the time during which a defendant is a non-resident of the state shall not be included in computing any of the periods of limitations above described."   Code, section 2533;   *Wetmore v. Marsh*, 81 Iowa, 677.   In *Konns v. Chicago & N. W. R'y Co.*, 23 Iowa, 493, and *Cobb v. I. C. R'y Co.*, 38 Iowa, 601 the question as to whether a non-resident

corporation could plead the statute was not directly raised. In *Wall v. Chicago & N. W. R'y Co.*, 69 Iowa, 498, it was held that a foreign railroad corporation could avail itself of the defense of the statute of limitations. That decision was based upon the ground that, though the corporation was a resident of another state, yet it had a residence in this state for the purpose of being at any time served with process, and made amenable in our courts. Without in any way impairing the force of that decision, we may say that we are not inclined to apply the rule there laid down to foreign corporations generally. A railroad company is of necessity obliged to operate its road. It must always have officers and agents in the state where its road is situated, in order to carry on its business. By our statutes it may be brought within the jurisdiction of our courts by service of processes upon its general agent anywhere in this state; also process may be served on its station, ticket, or any other agent, or on any trustee or officer. Code, sections 2611, 2612. In such cases, then, service of process may always be had on the corporation within the state. Not so in the case at bar. Here is a manufacturing corporation. It may establish an office or agency, and, if it does, process may be served in certain cases upon the agent or clerk employed therein. It may have a general agent in the state, in which case process may be served upon him. It may, however, carry on its business without either establishing an office or agency in the state, or having a general agent therein. Surely, in such a case, it would hardly be contended that the corporation was a resident of the state so as to be served with process; hence, it could not avail itself of the defense of the statute of limitations.

If the appellant's theory is good, a foreign corporation can, at its pleasure, and for its own benefit, put in motion the statute. We do not think such

result was ever anticipated by the legislature when it enacted the statute we have quoted. A foreign corporation, whose business in this state is such that it is not incumbent upon it to put itself in position to be at all times subject to the service of process, ought not to be permitted to shield itself behind the statute of limitations, because it may at some time or times, perhaps unknown to one having a cause of action against it, have an agent in this state upon whom process could be served. There is a wide distinction between the case of a railroad company, whose officers or agents may always be found within the state, and can readily be reached with process, and a foreign manufacturing corporation, having, perhaps, a general agent in this state, who may have no settled abiding place, whose relations to the party he serves are not generally known to the public, and the knowledge of whose coming and going must, of necessity, be limited to a few individuals. This question, so far as it relates to an office or agency in the state by an individual residing in another state, was mentioned, but not decided, in *Bellows v. Litchfield*, 83 Iowa, 36. In the view we have taken, the appellant not being entitled to avail itself of the defense of the statute of limitations, it was not prejudiced by the giving of the sixth and eighth instructions in so far as they referred thereto.

V. In the tenth instruction the court told the jury that they should allow interest on any amount they might find due the plaintiff from the date of sale of the machine at six per cent. per annum. The petition on which the case was tried, prayed for judgment with interest from the time of the commencement of the suit. The machine was sold in July, 1883, and the suit was begun in February, 1889, and the verdict was rendered March 22, 1890,—over six years after the machine was sold. If the jury followed the instruction,

5. INTEREST: pleading: instructions to jury.

they allowed the plaintiff interest for over five years, to which he was not entitled under his prayer. We must presume that the jury followed the instruction. It seems to us that notwithstanding the fact that the petition prayed for three hundred dollars damages, and the verdict was for much less than that, the giving of the instruction was prejudicial error.

Many other errors are assigned. We have examined them, and found nothing prejudicial to the appellant. If the appellee within sixty days files a *remittitur* of the interest from the date of contract to the time of bringing of the suit, the judgment of the court below will be affirmed; otherwise it will be REVERSED.