F. D. EWING, Appellee, v. HAWKEYE OIL COMPANY et al., Appellants.

VENUE:  Office or Agency—Independent Act of Principal.  The independent action of a resident principal in maliciously preferring a charge of embezzlement against his agent in a county where the principal was causing the agent to maintain a subagency does not authorize the agent to sue the principal for such prosecution in the county where such agency was maintained, on the theory that such malicious prosecution "grew out of" or was "connected with" the business of such agency.  (Sec. 3500, Code, 1897.)

*Appeal from Jones District Court.*—MILO P. SMITH, Judge.

DECEMBER 12, 1919.

ACTION for malicious prosecution. Defendants, claim-
ing that the action was brought in the wrong county, ap-
peared and filed a motion for a change of place of trial.
This motion was overruled. Defendants appeal.—*Reversed
and remanded.*

*George B. Worthen, Herrick & Reed,* and *E. E. Reed,*
for appellants.

*John S. Welch,* for appellee.

GAYNOR, J.—This action is brought to recover dam-
ages for alleged malicious prosecution. The original notice
recites that the action is brought for the March term, 1918,
of the district court of Jones County, commencing on the
18th day of March, 1918, and that default will be entered
against the defendants, and judgment rendered thereon, un-
less they appear before noon of the second day of that
term.

The return shows that the notice came into the hands
of the officer on the 26th day of February, 1918, and was
personally served on the defendant R. M. Halweg, by read-
ing the same to him, and by delivering to him personally
a copy of the same in Black Hawk County, Iowa, on the 1st
day of March, 1918. It further recites that the notice was
personally served on the defendant the Hawkeye Oil Com-
pany, by reading the same to A. H. Caward, president of
the company, and delivering to him personally a copy of
the same in Black Hawk County, on the 1st of March, 1918.
On the back of the notice is endorsed the following:

"I hereby accept due, timely and legal service of the
within notice, waived time of service, and acknowledge re-
ceipt of copy thereof on this 7th day of March, 1918."

Signed by the defendant A. H. Caward.

On the 14th day of March, 1918, the defendants Ca-
ward and Halweg appeared and filed a motion for a change

of place of trial to Black Hawk County, alleging that the action was a personal action against them; that they were actual residents of Black Hawk County, and never had been residents of Jones County. At the same time, the defendant the Hawkeye Oil Company appeared, and also moved for a change of place of trial to Black Hawk County, alleging that it is a corporation organized under the laws of the state of South Dakota, with its principal place of business at Waterloo, in Black Hawk County, and alleging that it had no established agency in Jones County at the time of the institution of the suit, or at the time the cause of action arose, or at any time prior or subsequent thereto, and that the cause of action herein sued on did not grow out of, nor was it connected with, any office or agency established, maintained, or kept by the defendant in Jones County for the transaction of business. Affidavits and counter affidavits were filed, touching the right to the change. On the 22d day of March, 1918, the court overruled this application of defendants.

The question presented is: Did the court err in overruling defendants' application for change of place of trial? If this is answered in the affirmative, then all subsequent proceedings in the Jones County district court are not only unauthorized, but void.

This application was made under Section 3504 of the Code of 1897, which provides:

"If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county, in which case the court *shall order the same* at the cost of the plaintiff, and may award the defendant a reasonable compensation for his trouble and expense in attending at the wrong county."

Defendants' contention is that the action against them is a personal action, and must be brought in the county

in which some of the defendants actually reside; that the place of action is governed by the provisions of Section 3501 of the Code of 1897, which provides:

"Personal actions, except as otherwise provided, must be brought in a county in which some of the defendants actually reside, but if neither of them have a residence *in the state,* they may be sued in any county in which either of them may be found."

It is the contention of the plaintiff, however, that the action was rightly brought in Jones County, under the provisions of Code Section 3500, which provides:

"When a corporation, company or individual has an *office* or *agency* in any county for the transaction of business, *any actions growing out of or connected with* the business of that office or agency may be brought in the county where such office or agency is located."

It is the thought of the plaintiff that the defendants had an office or agency in Jones County, and that the *action* herein sought to be enforced grew out of or is connected with the office or agency so established and located in Jones County.

It is conceded, or established beyond question, that the defendants Halweg and Caward are nonresidents of Jones County; that both are actual residents of Black Hawk County; that the defendant Oil Company, though organized under the laws of South Dakota, is an actual resident of Iowa, with its principal place of business in this state at Waterloo, in Black Hawk County; and that its president and secretary and general manager reside also at Waterloo, in Black Hawk County.

It appears that the information on which plaintiff was prosecuted was filed by the defendant R. M. Halweg, on the 9th day of June, 1917, before one J. C. Young, justice of the peace of Fairview Township, Jones County, and charged the plaintiff with appropriating money belonging

to the defendant the Hawkeye Oil Company, without their
knowledge and consent, he (Ewing) at the time being
agent of the Hawkeye Oil Company.

Upon the filing of the information aforesaid, plaintiff
was arrested, prosecuted, and thereafter legally discharged.
He brings this action, alleging that the prosecution was
wrongful and malicious.

Conceding, for the purposes of this case, that defendant
Oil Company had an office or agency in Jones County for the
transaction of business in that county, conceding that
Ewing, the plaintiff, was its agent for the transaction of its
business in that county, the question still presents itself:
Does this action grow out of and is it connected with that
office or agency? Did the wrong suffered by the plaintiff
grow out of any act done by the defendant through the
office or agency located in Jones County? Plaintiff was
the agent of the defendant Oil Company for the sale of its
products in Jones County and adjoining territory. He was
engaged and employed by the Oil Company to go to the
city of Monticello, Jones County, and there reside as the
agent of the defendant. His duties were to take orders
in Jones and surrounding counties for the sale and delivery
of defendant Oil Company's products, and to forward these
orders to the defendant company at its principal place of
business at Waterloo. These orders, when received by the
company, were honored at its principal place of business at
Waterloo, and the goods called for by the orders were
shipped directly to the parties to whom the plaintiff had
made sales as the agent of the defendant. It is not claimed
in this suit that anyone suffered any wrong traceable to
any conduct of the defendant through this agency,
or through plaintiff as agent of the defendant. It does not
appear that the act out of which this controversy arose,
and of which complaint is made, was done through any
agency of the defendant in Jones County. The wrong, and

the right of action, if any, which flows from the wrong, are traceable to the defendant itself, done through its general manager, who resided and acted for the company at Waterloo, in Black Hawk County. The act out of which the cause of action arose was done, it is true, in Jones County; but, if plaintiff's contention is sustained on its merits, it was the act of the defendant Oil Company, not done through any agency established by it in Jones County, but done by the company itself, through its general manager, charged with the business of the company, and located at Waterloo, in Black Hawk County. So, if we should assume, for the purposes of this case, that the defendant Oil Company had an agency and an office in Jones County for the transaction of some of its business, it is clear that the cause of action asserted here did not grow out of, nor was it connected with, that office or agency. The act of the defendant in prosecuting the plaintiff, its agent, certainly was not the act of the agent himself, nor was it connected with, nor did it grow out of, the office of that agent.

So it follows that, even though we concede that the defendant had an agency or place for the transaction of business in Jones County, and that the plaintiff was defendant's agent for the transaction of business in that county, yet we must find that the record negatives the thought that the action involved in this controversy grew out of, or was connected with, that place or agency so established in Jones County. The wrong here complained of was not done by the defendant's agent in charge of defendant's agency or place of business in Jones County. If plaintiff's contention is true, it is a wrong committed by the company itself, through its properly authorized agents, located in Black Hawk County, against the agent in charge of its office or place of business in Jones County. It therefore did not grow out of, nor was it connected with, that

office or agency. So the plaintiff's contention that he has a right to maintain the action in Jones County cannot be sustained under the section hereinbefore quoted, and must fail for the reason that the action did not grow out of, nor was it connected with, any agency or place established by the defendant in Jones County for the transaction of defendant's business.

Plaintiff calls attention to *Locke v. Chicago Chronicle Co.,* 107 Iowa 390, as supporting his contention. There, the defendant was charged with publishing a libel through an agency in Polk County, to the injury of the plaintiff. The wrong complained of grew out of and was connected with the very act which the agent was required by its principal to do in Polk County. It was held that the *action* was properly triable in Polk County, on the theory, however, that defendant had an agency in Polk County for the transaction of the very business out of which the action arose. The court found affirmatively that the defendant charged with the wrong had an agency in the county in which the wrong was committed, and that the wrong was directly traceable to the act of the agent, done through the agency authorized and established by the defendant in the county in which suit was brought. The holding there was that it was sufficient if the principal have an office or agency in the county, and the action is predicated upon some wrong growing out of or connected with the business of the agency so created and established. In that case, it was apparent that the action was based upon a wrong directly traceable to and connected with and growing out of an agency, created and established by the defendant in Polk County. The wrong was the publication of the libel. The publication was through the instrumentality of the agency found to have been created and established in Polk County. The action, therefore, grew out of and was connected with the office or agency established by the defendant in Polk County.

The distinction which arises between the case at bar and the cases relied upon is that the wrong complained of in this case did not arise out of, nor was it connected with, the agency, if any, established by the defendant in Jones County. The wrong was the independent wrong of the company, not done through that agency, if any, but a wrong done to this plaintiff through its general manager, who resided in and had charge of the defendant's business in Black Hawk County. Here, the action does not grow out of any agency established in Jones County. The action has no relationship to that agency. The action is based upon a tort committed by the defendant. The tort, it is true, was committed in Jones County, but the tort was not committed through the action of any agency or office in that county. The wording of the statute itself negatives plaintiff's claim:

"Any actions growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located."

Two things are essential: (1) That the party sought to be charged in the action has an office or agency in the county, and (2) that the action grows out of or is connected with the office or agency; and these must concur, in order to lay the jurisdiction in the county other than the county of the actual residence of the defendant.

In passing, we have to say that the defendants attempted to make a special appearance in this case for the purpose of urging their motion for a change of place of trial. A special appearance is not authorized for that purpose. An appearance for that purpose confers jurisdiction.

Other questions are discussed; but, since what we have said disposes of the entire controversy, so far as this record is concerned, we are not disposed to enter upon a discussion of these other questions.

The motion to strike appellants' abstract from the record is overruled.

The action of the court in refusing to grant a change of place of trial, as prayed, is reversed, and the cause remanded, with direction to sustain the motion for a change of venue, and to expunge from the record all proceedings had in the Jones County district court, subsequent to the filing of the motion for a change of place of trial. The cause is, therefore, reversed and remanded for proceedings in harmony with this opinion.—*Reversed and remanded.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.