PITTSBURGH-DES MOINES STEEL COMPANY, appellant, v.
INCORPORATED TOWN OF CLIVE, appellee.

No. 49463.

(Reported in 91 N.W.2d 602)

July 28, 1958.

Rehearing and Application for Modification of Opinion

Denied September 19, 1958.

Henry & Henry, of Des Moines, for appellant.

Joseph M. Coppola, of Des Moines, for appellee.

Hays, J.—This appeal presents a question of first impression in this court and involves the meaning of the term "resident property owners" as such term is used in section 362.32(1), Code, 1954.

Defendant is an incorporated town located in Polk County, Iowa. Plaintiff, a Pennsylvania corporation, is authorized to do business in Iowa under chapter 494, Code, 1954. It owns a 98-acre tract of land, located in the extreme northwest corner of defendant's corporate limits, upon which it has erected substantial permanent improvements for the carrying on of its business. While not material on this appeal, it appears that plaintiff in the use of this property is not dependent upon the defendant-corporation for water, police and fire protection or sewage disposal facilities. Neither is it necessary for the reasonable growth

and· extension of the defendant-corporation. It further appears that plaintiff's sole place of business is in Polk County, and also, that no individual resides upon the tract in question.

Plaintiff, seeking severance of this tract of land from the defendant-town, commenced this suit under the provisions of section 362.32, Code, 1954, which suit was dismissed on the theory that plaintiff was not a resident property owner, as contemplated by the statute.

Section 362.32, Code, 1954, is entitled "Severance of territory" and in part provides: "1. A majority of the resident property owners of such territory * * * may bring suit in equity in the district court therefor * * *."

I. Under the statutes of this state, a corporation, domestic and foreign, when authorized to do business in the state, may own real estate the same as an individual. Sections 491.3(6) and 494.14, Code, 1954. We find nothing in section 362.32 indicating that the legislature in using the words "property owners" sought to exclude corporations from such a classification. No such contention is made and the ownership is admitted.

II. Corporations, unlike natural persons, may not change their domicile at will and the authorities are agreed that the domicile of a corporation is in the state and county wherein it is incorporated and where it functions as a corporation. Restatement, Conflict of Laws, section 41; 20 C. J. S., Corporations, section 1794; 23 Am. Jur., Foreign Corporations, section 29; Fisher & Van Gilder v. First Trust Joint Stock Land Bank, 210 Iowa 531, 231 N.W. 671, 69 A. L. R. 1340. Appellee contends the word resident, as used in the statute, is synonymous with and means domicile. It must be conceded that if the word "resident", as used in the statute, means domicile, the plaintiff is not a resident property owner.

III. The authorities are likewise in accord that the word resident, while ·often used synonymous with, and meaning domicile, ·is an elastic .word with varied statutory meanings, dependent upon the context of the statute in which it is used and the purpose and object to be attained. 77 C. J. S., Residence, page 290; 17A Am. Jur., Domicil, sections 2, 9 and 10; In re Maintenance of Newhouse, 233 Iowa 1007, 9 N.W.2d 372; In re Estate of Jones, 192 Iowa 78, 182 N.W. 227, 16 A. L. R.

1286. Likewise, this court, while recognizing the rule that the domicile of a foreign corporation is in the state where it is incorporated, has frequently held that a foreign corporation doing business in the state is a resident within the meaning of the respective statutes then under consideration. Winney v. Sandwich Mfg. Co., 86 Iowa 608, 53 N.W. 421, 18 L. R. A. 524; Ewing v. Hawkeye Oil Co., 187 Iowa 1037, 174 N.W. 942; State ex rel. Weede v. Iowa Southern Utilities Co., 231 Iowa 784, 2 N.W.2d 372, 4 N.W.2d 869. See also 17 Fletcher Cyclopedia, Corporations, section 8541; 20 C. J. S., Corporations, section 1794; 23 Am. Jur., Foreign Corporations, section 240.

■ IV. The object and purpose of section 362.32 seems clear. It is to afford equitable relief to property owners whose property, though located within the corporate limits of a city or town, is not necessary thereto for sanitary, police or fire protection, nor for a reasonably anticipated growth or expansion of the city or town; the only apparent purpose served by the inclusion of the property within such corporate limits being the revenue the city or town derives therefrom by way of taxation. Under such a situation severance is granted. Mosier v. City of Des Moines, 31 Iowa 174; McKeon v. City of Council Bluffs, 206 Iowa 556, 221 N.W. 351, 62 A. L. R. 1006; Ward v. Incorporated Town of Clover Hills, 240 Iowa 900, 38 N.W.2d 109.

The statement of the Lord Chancellor in an English case decided in the House of Lords, DeBeers Cons. Mines v. Howe, 75 Law Journal Reports, New Series, 1906, page 858, is much in point. It is, "Now it is easy to ascertain where an individual resides but when the inquiry relates to a company which in a natural sense does not exist anywhere, some artificial test must be applied. * * * In applying the conception of residence to a company we ought I think to proceed as nearly as we can upon the analogy of an individual. A company cannot eat or sleep, but it can keep house and do business. We ought therefore to see where it really keeps house and does business. An individual may be of foreign nationality and yet reside in the United Kingdom. So may a company."

■ Starting with the premise that corporations, domestic and foreign, at least where authorized to do business within the state, may own real estate, and considering the object and pur-

pose of the statute, we hold that under the instant facts appellant is a "resident property owner" of the territory for which severance is sought.

V. As a part of defendant's motion to dismiss plaintiff's petition, it was asserted that one party cannot be the sole plaintiff in a severance action as the statute says "a majority of the resident property owners." The trial court overruled the motion as to this ground. Such ground has been argued by appellee as a supporting basis for upholding the trial court's decision on the first ground, considered above. In view of the fact that appellant is the *sole* owner of the land in question we think it meets the requirement of "a majority of the owners" and give no further consideration thereto.

The decree of the trial court is reversed and the cause remanded for trial upon the merits.—Reversed and remanded.

All JUSTICES concur, with OLIVER, J., concurring specially.

OLIVER, J. (concurring specially)—I concur in this opinion except for the following statements:

"While not material on this appeal, it appears that plaintiff in the use of this property is not dependent upon the defendant-corporation for water, police and fire protection or sewage disposal facilities. Neither is it necessary for the reasonable growth and extension of the defendant-corporation."

These statements are based solely upon allegations of the petition, to which defendant has not pleaded, but which could be controverted and become issues of fact. Hence, I am unwilling to join in this part of the opinion.