**PEOPLES TRUST & SAVINGS BANK, Appellant,**

v.

**Donald BAIRD, Wanda Baird, Duane Latta, and Dolores Latta, et al., Appellees.**

No. 83–318.

Supreme Court of Iowa.

March 14, 1984.

Dennis S. Clark, Iowa City, for appellant.

David J. Meloy, of Stanley, Lande, Coulter & Pearce, Muscatine, for appellees Duane Latta and Dolores Latta.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK and WOLLE, JJ.

WOLLE, Justice.

The Peoples Trust and Savings Bank [bank] appeals from the trial court's order allowing attorney fees in a mortgage foreclosure action in an amount it considers unreasonably small. The trial court held that Iowa Code section 625.25 (1981) limited the amount of attorneys fees which could be awarded to the sum of $1,125 because that was the overdue amount the bank demanded in its written notice served before the foreclosure action was brought. The bank contends that the trial court erred in applying that statute (1) because Iowa Code section 625.25 had been implicitly repealed when section 625.22 was amended, (2) because the defendants did not plead lack of notice and thereby waived their objection to allowance of a reasonable attorney fee, and (3) because the court's entry of summary judgment in the mortgage foreclosure action precluded defendants from later raising the statutory notice issue. Defendants Duane and Dolores Latta [Lattas] have moved to dismiss the appeal for lack of jurisdiction, contending the appeal was not filed within the time permitted by our rules of appellate procedure. We have jurisdiction and affirm the trial court's decision.

## I. Jurisdiction.

Preliminarily, we address the question of jurisdiction. Lattas argue that the bank did not comply with Iowa Rule of Appellate Procedure 5(a) which requires that a notice of appeal be filed within thirty days of the "entry of the order, judgment or decree" unless that time period is tolled. After the trial court entered its order fixing attorney fees, the bank filed a "motion for rehearing" within the time permitted for filing post-trial motions. When the motion was denied on February 4, the bank filed its appeal on February 17, more than thirty days after the order was entered but less than thirty days after the court's denial of the motion for rehearing. The issue is whether the motion for rehearing tolled the running of the thirty day period.

Although our rules do not expressly authorize a motion for rehearing, we look to the substance of the motion and not its title. *Kagin's Numismatic Auctions Inc., v. Criswell*, 284 N.W.2d 224, 226 (Iowa 1979); *Union Trust & Savings Bank v. Stanwood Feed and Grain, Inc.*, 158 N.W.2d 1, 3 (Iowa 1968). We conclude that the motion for rehearing was in essence a motion for enlarged and amended findings under Iowa Rule of Civil Procedure 179(b). Rule 5(a) specifically provides that rule 179(b) tolls the thirty day time limit for filing a notice of appeal. To be a rule 179(b) motion, the motion must address a ruling made upon a trial of an issue of fact without a jury. *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d 421, 424 (Iowa 1982). That requirement is met in this case. The hearing on attorney fees addressed the issue of reasonableness of the attorney fees, an issue of fact. *See Sykes v. Iowa Power & Light Co.*, 263 N.W.2d 551, 553 (Iowa 1978). It does not matter that the motion only asked the court to reconsider issues of law pertaining to that fact question. *Suckow v. Boone State Bank & Trust Co.*, 314 N.W.2d at 424.

Lattas also argue that a motion to reconsider the granting of summary judgment cannot be considered as a rule 179(b) motion, citing *Orr v. Iowa Public Service Co.*,

277 N.W.2d 899, 900 (Iowa 1979). *Orr,* however, is no longer authoritative on that issue. As changed in 1980, Iowa Rule of Civil Procedure 237(c) allows the filing of a rule 179(b) motion after summary judgment is rendered on the entire case. Moreover, the bank's motion was not directed to the granting of summary judgment but rather was specifically directed to the court's subsequent ruling on the attorney fees issue. The bank's motion was not inappropriate. *Sykes v. Iowa Power & Light Co.,* 263 N.W.2d at 535.

The bank's notice of appeal was timely because it was filed within thirty days of the ruling on what was in essence a rule 179(b) motion. We therefore have jurisdiction to address the issues raised by the bank in this appeal.

II. *Application of Iowa Code Section 625.25 in This Case.*

A. *Background.* On November 9, 1978, Donald W. and Wanda J. Baird [Bairds] executed and delivered to the bank a note and mortgage on certain of their real estate. Bairds stopped making installment payments in December of 1980. On February 17, 1981, the bank sent to the Bairds a notice to cure which stated:

> You are now in DEFAULT on this loan. You have a right to correct this DEFAULT until February 28, 1981. If you do so, you may continue with this contract as though you did not default. Your default consists of failure to make payments of $1125.00. To correct the default Pay by Feb. 28, 1981. If you do not correct your default by the above date, we may exercise our rights against you under the law.

The Bairds made no response to this notice, and the bank commenced a mortgage foreclosure action on September 23, 1981, attempting to collect the entire balance of $38,464.84 due on the note and mortgage, together with interest and attorney fees. The bank joined as defendants all parties having an interest in the property, including the Lattas who held a second mortgage on the real estate in question. The Lattas are the only defendants participating in this appeal. Their standing to rely upon section 625.25 has not been challenged and is therefore not addressed by us.

The trial court granted the bank's motion for summary judgment on March 10, 1982. In reference to attorney fees, the court ordered that after the sale of the underlying real estate, the "plaintiff shall submit application to the Court for payment of any additional cost, including attorney fees, for approval by the Court."

Several days before the attorney fees issue was scheduled to be heard, the Lattas filed a resistance asserting for the first time that the bank was not entitled to attorney fees because it had sued without first serving a notice upon the defendants giving them a reasonable opportunity to pay, as required by Iowa Code section 625.25 (1981). The bank objected that the issue had not been raised in the pleadings and also argued that the entry of summary judgment precluded defendants from belatedly raising the notice issue. On January 12, 1983, the trial court decided that the bank's failure to give statutory notice not only had been properly raised but was controlling. The court then awarded as attorney fees only an amount equivalent to the two overdue installment payments of which Bairds had received written notice before suit was commenced.

B. *Has Iowa Code Section 625.25 Been Repealed By Implication?* Iowa Code section 625.25 (1981) pertaining to taxation of attorney fees as costs provided:

> Opportunity to pay. No such attorney fee shall be taxed if the defendant is a resident of the county and the action is not aided by an attachment, unless it shall be made to appear that such defendant had information of and a reasonable opportunity to pay the debt before action was brought. This provision, however, shall not apply to contracts made payable by their terms at a particular place, the maker of which has tendered the sum due at the place named in the contract.

On appeal, the bank concedes that it did not comply with that statute but argues that statutory notice is no longer required because the legislature has changed the method to be used by the court in determining attorney fees. Before 1981, Iowa Code section 625.22 provided the following method for computing attorney fees:

> Attorney's fees. When judgment is recovered upon a written contract containing an agreement to·pay an attorney's fee, the court shall allow and tax as a part of the costs:
>
> 1. On the first two hundred dollars or fraction thereof recovered, ten percent.
>
> 2. On the excess of two hundred to five hundred dollars, five percent.
>
> 3. On the excess of five hundred to one thousand dollars, three percent.
>
> 4. On all sums in excess of one thousand dollars, one percent.

That section was changed in 1981 to provide that "the court shall allow and tax as a part of the costs a reasonable attorney's fee to be determined by the court." 68 G.A. ch. 1181 § 1; *see* Iowa Code § 625.22 (1981).

The bank contends that when the legislature changed section 625.22 it implicitly repealed the notice requirement of section 625.25. It argues that the only purpose for the notice requirement was to allow the debtor to know the amount which would be used in computing attorney fees under the graduated percentage method of the former statute. The bank argues that there is no longer a need for that safeguard since the trial court now fixes a reasonable fee regardless of the amount owing on the debt.

■ We disagree with the bank's narrow interpretation of the statutory notice requirement. The primary purpose of Iowa Code section 625.25 is to provide the debtor a reasonable opportunity to discharge his debt before suit is filed in order to avoid payment of any costs and attorneys fees, regardless of the method by which taxable fees are determined. As we said about this same statutory language in *Moore v. Cran-*

*dall,* 146 Iowa 25, 31, 124 N.W. 812, 815 (1910):

> The manifest design of this statute is that as a condition precedent to the taxation of attorney's fees a debtor must be afforded a reasonable opportunity to discharge his debt.

*Accord Home Savings and Loan Association v. Iowa City Inn, Inc.,* 260 Iowa 1321, 1329, 152 N.W.2d 588, 592 (Iowa 1967); *Federal Land Bank v. Wilmarth,* 218 Iowa 339, 347, 252 N.W. 507, 511 (1934).

The trial court properly noted:

> If the legislature had intended otherwise it would have been very simple to have repealed or changed section 625.25 at the time that section 625.22 was amended.

We agree with the trial court's determination that the statutory notice requirement is as effective today as before section 625.22 was amended.

■ C. *Was Absence of Notice an Affirmative Defense?* The bank argues that the issue of lack of notice was not affirmatively pleaded in the defendants' answers and therefore was waived. We disagree. In determining what matters must be pleaded as affirmative defenses, we have previously defined an affirmative defense as "one resting on facts not necessary to support plaintiffs' case." *Baker v. Beal,* 225 N.W.2d 106, 114 (Iowa 1975), *quoted in Foods, Inc. v. Leffler,* 240 N.W.2d 914, 920 (Iowa 1976). *See* Iowa R.Civ.P. 72, 101, 103, 104 (identifying matters to be included in an answer). The bank's failure to give adequate statutory notice was not an affirmative defense because the bank was required, as part of its claim for attorney fees, to prove that adequate notice was given. In *Home Savings & Loan Association v. Iowa City Inn, Inc.,* we said:

> [T]he manifest design of this statute is that as a *condition precedent* to the taxation of attorneys fees those debtors included in the first sentence thereof must be afforded a reasonable opportunity to discharge their debts.

260 Iowa at 1326, 152 N.W.2d at 591 (emphasis added). The trial court correctly held that defendants had properly raised the statutory notice issue in their resistance at the hearing when attorney fees were determined, without having pleaded the absence of notice as an affirmative defense.

D. *Did Entry of Summary Judgment Preclude Application of Section 625.25?* Finally, the bank contends that once the court granted its motion for summary judgment and found, in part, that the bank was entitled to attorney fees, defendants could no longer raise and rely upon the notice provisions of section 625.25. The record of what actually occurred in this proceeding, however, is contrary to the bank's contention. In sustaining the bank's motion for summary judgment, the court did not determine the amount of attorney fees which would be made a part of the judgment but explicitly postponed making such a determination. The court stated, "Plaintiff shall submit application to the Court for payment of any additional cost, including attorney fees, for approval by the Court." That order did not preclude defendants from relying upon Iowa Code section 625.25 when the bank later sought to have the amount of attorney fees determined following a hearing on that issue.

The trial court properly decided each of the issues raised by the bank's request that attorney fees be taxed as a part of the costs in this mortgage foreclosure action.

AFFIRMED.