# IN THE COURT OF APPEALS OF IOWA

No. 20-0129
Filed June 16, 2021

**LARRY DEAN BORING,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jones County, Lars Anderson,

Judge.

Larry Boring appeals the denial of his application for postconviction relief.

**APPEAL DISMISSED.**

Anne K. Wilson of Viner Law Firm, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

In this appeal from the denial of a postconviction-relief application, we must consider the effect of certain pro se filings.

Larry Dean Boring was convicted of second-degree sexual abuse and lascivious acts with a child in 2005. Boring appealed his conviction, raising several ineffective-assistance-of-counsel claims. The court of appeals affirmed the convictions and preserved the claims for postconviction relief. *See State v. Boring*, No. 05-2054, 2007 WL 1063037, at *1 (Iowa Ct. App. Apr. 11, 2007).

Boring filed a postconviction-relief application. The district court denied the application, and the court of appeals affirmed the denial. *See Boring v. State*, No. 12-2000, 2014 WL 955385, at *1 (Iowa Ct. App. Mar. 12, 2014).

Boring filed a second postconviction-relief application on July 3, 2019. The State moved to dismiss the application on the ground that "[m]ore than three years has passed since both the entry of final judgment in the underlying felony, and the initial claim of post-conviction relief," and the claims were "time-barred." The district court granted Boring's application for court-appointed counsel.

Counsel filed a resistance to the State's motion to dismiss the application. Three days later, Boring filed a "Motion for Extension Time to File Resistance (Pro Se)." The district court ruled that a recently enacted statute prohibited the filing of any pro se document except "a pro se motion seeking disqualification of counsel." *See* Iowa Code § 822.3A (2019). The court determined Boring's pro se filing did "not seek the disqualification of counsel," and accordingly, the court could not consider it.

Boring's attorney followed up with a motion to extend the time to supplement her initial resistance to the State's dismissal motion. The district court granted the extension motion. Counsel ultimately did not supplement her resistance. The district court granted the State's dismissal motion "[f]or the reasons stated and authority provided in the Motion to Dismiss filed by the State."

Boring filed a pro se "motion for expanded findings of fact and conclusions of law pursuant to Iowa R. Civ. P. 1.904." The district court denied the motion "for the reasons stated in its initial order." Boring filed a pro se notice of appeal from the initial order.

The State has moved to dismiss the appeal on the ground that the notice was not filed within thirty days of the district court's initial dismissal order.[1] *See* Iowa R. App. P. 6.101(1)(b) ("A notice of appeal must be filed within 30 days after the filing of the final order or judgment."). The State acknowledges that the Iowa Rules of Appellate Procedure contain an exception to the thirty-day deadline where "a motion is timely filed under Iowa R. Civ. P. 1.904(2) or Iowa R. Civ. P. 1.1007." Iowa R. App. P. 6.101 (1)(c). The exception allows a notice of appeal to be filed "within 30 days after the filing of the ruling on such motion." *Id.* The State asserts Boring may not avail himself of the exception because section 822.3A prohibits pro se filings such as his rule 1.904(2) motion "while he was still represented by counsel." In the State's view, "Boring's prohibited pro se motion is essentially a nullity and did not revive his appeal deadline notwithstanding rule 6.101(1)(c)."

---

[1] The supreme court ordered the motion considered with the appeal.

Iowa Code section 822.3A, enacted on July 1, 2019—two days before Boring filed his second postconviction-relief application[2]—states:

> 1. An applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or motion, in any Iowa court.  The court shall not consider, and opposing counsel shall not respond to, such pro se filings.
> 2. This section does not prohibit an applicant for postconviction relief from proceeding without the assistance of counsel.
> 3. A represented applicant for postconviction relief may file a pro se motion seeking disqualification of counsel, which a court may grant upon a showing of good cause.

The supreme court recently considered a constitutional challenge to the provision.  *See Hrbek*, 779 N.W.2d at 784–88.  The court concluded "there is no constitutional right of any sort to file pro se supplemental documents in postconviction-relief proceedings and postconviction appeals."  *Id.* at 785.  The court reasoned:

> In enacting section 822.3A, the legislative department determined that postconviction relief applicants represented by counsel shall no longer be allowed to file pro se supplemental documents and instead must speak through their counsel. This amendment to the postconviction statute was within the legislative department's constitutional authority "to provide for a general system of practice in all the courts of this state."

---

[2] Because the postconviction-relief application was filed after the effective date of the statute, retroactive application is not an issue.  In any event, the supreme court recently stated, "The event of legal consequence is the filing of pro se supplemental documents.  The new law went into effect on July 1, 2019, but all of the events of legal consequence occur after that date."  *Hrbek v. State*, 958 N.W.2d 779, 783 (Iowa 2021).

*Id.* at 789 (citation omitted). *Hrbek* resolves the constitutionality of the provision.[3] We turn to the language of the statute.

Section 822.3A(1) prohibited Boring from filing "any pro se document," including a "motion," and prohibited the district court from "consider[ing]" the filing. By its terms, Boring's post-dismissal filing was a "motion" and it was filed pro se while Boring was represented by counsel.

Boring responds by citing section 822.3A(3). He contends his motion should have been treated as a request for disqualification of counsel under that provision.

Boring's prayer for relief sought "an ORDER acknowledging the abandonment of counsel" and an order "reopening this action with appointment of new counsel" or "[i]n the alternative," an "ORDER acknowledging the abandonment of counsel" and an "ORDER mandating [his current trial attorney] file the Notice of Appeal." Because Boring's rule 1.904(2) motion essentially asked to disqualify counsel, we conclude it was an authorized filing under Iowa Code section 822.3A(3) rather than a "nullity" under section 822.3A(1). *See Peoples Tr. & Sav. Bank v. Baird*, 346 N.W.2d 1, 2 (Iowa 1984) ("Although our rules do not expressly authorize a motion for rehearing, we look to the substance of the motion and not its title. We conclude the motion for rehearing was in essence a motion for enlarged and amended findings under Iowa Rule of Civil Procedure [1.904(2)]." (citations omitted)).

---

[3] Boring challenges the statute under the First Amendment to the United States Constitution. Assuming the issue was preserved and not waived, the broad language of *Hrbek* precludes the challenge.

That said, the district court did not treat the motion as a motion to disqualify counsel under section 822.3A(3), a provision it was clearly cognizant of, having cited it in a previous order. Instead, the court treated it as it was styled—a motion for enlarged findings and conclusions—and denied it for the reasons stated in the original order. Implicit in the court's ruling was a rejection of Boring's assertion that his attorney "abandon[ed]" him. *See Hubby v. State*, 331 N.W.2d 690, 695 (Iowa 1983) ("[W]e assume as fact an unstated finding that is necessary to support the judgment against plaintiff.").

Because the court "considered" and denied the motion for enlarged findings and conclusions notwithstanding its pro se nature, we will assume without deciding that the ruling extended the time for filing a notice of appeal. Boring's notice was filed within thirty days of the denial of that motion. However, the notice of appeal was again filed pro se while Boring was still represented by counsel. Accordingly, it was a document that could not be considered. It was a nullity, as the State claims. For that reason, the appeal is dismissed.[4]

**APPEAL DISMISSED.**

Greer, J., concurs; Schumacher, J., concurs specially.

---

[4] The pro se notice of appeal references Boring's "abandon[ment] by counsel." Assuming without deciding the notice should be treated as a motion to disqualify counsel, we discern no good cause for doing so.

**SCHUMACHER, Judge** (concurring specially)

Although the end result provides no alternative relief for Boring, I write separately from the majority opinion to address a different path to reach such end result. The majority concludes that Boring's appeal should be dismissed, as his pro se notice of appeal could not be considered as Boring was represented by counsel, citing Iowa Code section 822.3A, enacted on July 1, 2019. As set forth by the majority, the new code section controls pro se filings when the applicant for postconviction relief is represented by counsel as follows:

> 1. An applicant seeking relief under section 822.2 who is currently represented by counsel shall not file any pro se document, including an application, brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings.
> 2. This section does not prohibit an applicant for postconviction relief from proceeding without the assistance of counsel.
> 3. A represented applicant for postconviction relief may file a pro se motion seeking disqualification of counsel, which a court may grant upon a showing of good cause.

Iowa Code § 822.3A.

Our supreme court recently considered a constitutional challenge to the provision. *See Hrbek v. State*, 958 N.W.2d 779,784–88 (Iowa 2021). The court concluded, "there is no constitutional right of any sort to file pro se supplemental documents in postconviction-relief proceedings and postconviction appeals." *Id.* at 785. The court reasoned:

> In enacting section 822.3A, the legislative department determined that postconviction relief applicants represented by counsel shall no longer be allowed to file pro se supplemental documents and instead must speak through their counsel. This amendment to the postconviction statute was within the legislative department's constitutional authority "to provide for a general system of practice in all the courts of this state."

*Id.* at 789 (citation omitted).

In the instant postconviction-relief proceeding, the district court dismissed Boring's pro se motion to reconsider, following dismissal of the postconviction application. In the motion to reconsider, Boring expressed displeasure with the performance of his trial counsel and asked for appointment of new counsel. Like the majority, I agree this motion should have been considered by the district court and tolled the appeal deadline. The district court did not rule on Boring's request for new counsel.

Boring filed a pro se notice of appeal on January 23, 2019, apparently believing he was without counsel after the conclusion of his district court action, as on the same date, he filed a motion for appointment of appellate counsel. An order was entered on January 30, appointing appellate counsel for Boring. As part of that order, the district court stated, "It shall be the responsibility of the State Appellate Defender's Office to file the notice of appeal with the Clerk of Court and serve the copy on the Attorney General." This does not appear to have been completed, leaving the only notice of appeal filed of record being the pro se notice filed by Boring on January 23, 2019. Accordingly, the notice of appeal, as asserted by the State, should not be considered a nullity.

However, the district court's dismissal of the postconviction application on statute of limitation grounds should be affirmed.[5] Boring was convicted of sexual

---

[5] The district court order dismissed the application "for the reasons stated and authority provided in the Motion to Dismiss filed by the State on July 26, 2019 . . . ." The State's resistance contained a recitation of the dates of the original judgment, Boring's first postconviction-relief application, and the procedendo dates relating to each filing.

abuse and lascivious acts in 2005. He appealed, and procedendo issued on the direct appeal in May 2007. Boring filed his first application for postconviction relief in 2007 and amended the same in June 2008. The district court denied the application and the denial was affirmed on appeal, with procedendo issuing in August 2014. The instant appeal was filed approximately five years after the issuance of procedendo on his first application for postconviction relief—more than twelve years after the procedendo issued on his direct appeal. Further, on the face of the current application for postconviction relief, Boring fails to state any ground that could not have been raised within the applicable time standard. As to his generic assertions on an actual innocence claim, Boring failed to provide reliable evidence by way of an affidavit or otherwise in resistance to the State's motion to dismiss. Accordingly, I would affirm the district court's denial of Boring's second application for postconviction relief.