Harrolyn **B. BASS**, surviving wife of James Ernest Bass, Jr., Deceased, and James Carter Bass, Plaintiffs,

v.

**UNITED STATES** of America, Defendant and Third Party Plaintiff,

v.

George B. **LINT**, Third Party Defendant.

Civ. A. No. C–5362.

United States District Court,
D. Colorado.

Aug. 6, 1974.

Richard D. Judd, Denver, Colo., for plaintiffs.

James L. Treece, U. S. Atty., Denver, Colo., and Mark A. Dombroff, Dept. of Justice, Washington, D. C., for defendant and third party plaintiff.

Paul D. Renner, Denver, Colo., for third party defendant.

## OPINION AND ORDER

CHILSON, District Judge.

This action is one of a number of actions arising out of the crash of a light airplane near Stapleton International Airport, Denver, Colorado. In this action, Harrolyn Bass seeks to recover for wrongful death of her husband, James E. Bass, Jr., and James C. Bass seeks to recover for injuries to himself, both losses allegedly caused by the negligence of the United States and certain of its employees. The action is brought under the Federal Tort Claims Act, 28 U.S.C. § 2674, with jurisdiction based on 28 U.S.C. § 1346(b).

The defendant, United States, has impleaded the pilot of the aircraft on the

theory that he must indemnify the United States for any liability found under the main complaint because, the government alleges, the crash was caused by the active and primary negligence of the pilot, George B. Lint.

The third party defendant, Lint, moves to dismiss the third party complaint on the grounds that the right to indemnity by a joint tortfeasor has been destroyed by the Colorado Comparative Negligence Statute which he contends now governs the liabilities of all parties involved in a tort claim. The third party defendant also moves to strike the prayer for attorneys' fees on the grounds that they are impertinent and immaterial to the issues in the third party complaint.

Both parties to the third party complaint agree by implication that Colorado law is applicable to this controversy.

Third party defendant argues that the Colorado Comparative Negligence Statute impliedly overrules the judicial doctrine of indemnity among joint tortfeasors. He asserts that since Colorado's statute was taken directly from the Wisconsin version, the legislature is presumed to have intended that the Wisconsin judicial construction of that statute be adopted by the courts of Colorado. See Hallett v. Alexander, 50 Colo. 37, 114 P. 490 (1911); Hoen v. District Court, 159 Colo. 451, 412 P.2d 428 (1966). Third party defendant argues that in Bielski v. Schulze, 16 Wis.2d 1, 114 N.W. 2d 105 (1962) the Wisconsin Supreme Court construed the comparative negligence statute to require that contribution of joint tortfeasors be fixed in proportion to the respective fault found by the jury.

The Colorado Supreme Court has not construed the Comparative Negligence Statute regarding this question. We are of the opinion that the Supreme Court of Colorado would follow the Wisconsin interpretation of their version of the comparative negligence statute. Hallett v Alexander, *supra*.

■ The third party defendant's position, although attractive at first glance, is not supported by a close reading of the Comparative Negligence Statute, the decision of the Wisconsin Supreme Court in *Bielski,* or the Colorado case law regarding contribution and indemnity of joint tortfeasors. Unlike Wisconsin, Colorado has no rule of law allowing contribution among joint tortfeasors. See Hamm v. Thompson, 143 Colo. 298, 353 P.2d 73 (1960). However, under Colorado law, a joint tortfeasor may be indemnified by the other tortfeasor who is the sole and primary cause of the loss to the injured party for all damages paid to that injured party. Colorado & S. Ry. Co. v. Western Light & Power Co., 73 Colo. 107, 214 P. 30 (1923); Parrish v. DeRemer, 117 Colo. 256, 187 P.2d 597 (1947); Atchison, Topeka & Santa Fe Ry. Co. v. Hadley Auto Transport, 192 F.Supp. 849 (D.Colo.1961).

■ The Colorado Comparative Negligence Statute does not deal with the relationship between the tortfeasors but only provides for the reduction of the amount of damages owed by the tortfeasor to the injured party in proportion to the percentage of fault attributed to the injured party by the jury. C.R.S. § 41–2–14 (1971 Supp.). Wisconsin's version of this statute also treats only the relationship between the tortfeasor and the injured party. In *Bielski,* the Wisconsin Supreme Court specifically held that the comparative negligence statute, Wis.Stat.Ann. 331.045, has no application to the doctrine of contribution among joint tortfeasors. 114 N.W. 2d at 107. In that case, the Wisconsin court changed its common law rule to allow apportionment of the damages according to the degree of fault among the joint tortfeasors as found by the jury. 114 N.W.2d at 109.

Adopting the Wisconsin court's construction of the comparative negligence statute, that law has no relation to the apportionment of damages among joint tortfeasors. Therefore, the doctrine of indemnity is unaffected and the third party complaint has stated a claim for relief.

The third party defendant also moves to strike the prayer for attorneys' fees in the third party complaint on the grounds that it is impertinent and immaterial to the claim.

Generally, no recovery is allowed as damages or as costs unless authorized by statute, contract or stipulation. 20 C.J.S. Costs § 218 and 25 C.J.S. Damages § 50. Since third party plaintiff has alleged no circumstances which would allow recovery of attorneys' fees, the prayer for such recovery should be stricken as immaterial to the claims set forth. Rule 12(f) Fed.R.Civ.P.

It is therefore ordered that the third party defendant's motion to dismiss the third party complaint is hereby denied.

It is further ordered that the third party defendant's motion to strike the words "the reasonable value of its attorney's fees" found in the prayer of the third party complaint is hereby granted.

It is further ordered that the third party defendant shall answer the third party complaint within fifteen days from this date.