## NURIDDIN FAIZ ET AL. *v.* PEUGEOT MOTORS OF AMERICA, INC., ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 282407
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed June 27, 1984

*Montstream, Brown & May,* for the plaintiffs.

*Danaher, O'Connell, Attmore, Tedford & Flaherty,* for the defendant Peugeot Motors of America, Inc.

*Howard, Kohn, Sprague & Fitzgerald,* for the defendant Gig Motors.

O'CONNELL, J. This is a products liability action. The named plaintiff (hereinafter the plaintiff) has filed suit against the defendants Peugeot Motors of America, Inc. (an automobile manufacturer) and Gig Motors (an automobile dealer). The plaintiff alleges that he was injured as a result of a defect in his automobile which permitted noxious fumes to enter into its passenger compartment. The plaintiff bases his action against both defendants in products liability. General Statutes § 52-572n.

The defendant Gig Motors (Gig) has filed a cross complaint against Peugeot alleging that Peugeot was the primary tortfeasor and seeking indemnification from Peugeot for any judgment that may be rendered against Gig in favor of the plaintiff. Peugeot has moved to strike Gig's cross complaint on the grounds that the products liability statute bars actions for indemnification.

Peugeot bases its motion to strike on an interpretation of General Statutes § 52-572o (d), entitled "Comparative responsibility," which states that in a products liability action "[t]he judgment shall . . . specify the proportionate amount of damages allocated against each party liable, according to the percentage of responsibility established for such party." Peugeot interprets this provision as mandating the allocation of proportional responsibility for the joined defendants. It argues that this proportional allocation would preclude an action for indemnity seeking reimbursement in full from the primary tortfeasor. *Gomeau* v. *Forrest,* 176 Conn. 523, 409 A.2d 1006 (1979). Peugeot has misinterpreted the effect of this statute and, for three reasons, Gig's cross claim against Peugeot should not be stricken.

First, a finding of proportional or comparative responsibility does not, as Peugeot claims, necessarily preclude an action for indemnity. The standard for allowing indemnification in Connecticut is not whether one defendant was 100 percent negligent, but whether he was primarily or "actively" negligent. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 416, 207 A.2d 732 (1965); *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 542, 52 A.2d 862 (1947). Hence, a defendant may be found to be only 80 percent negligent under the comparative responsibility statute and may still be compelled to

indemnify a less negligent defendant. It is apparent, therefore, that these two doctrines are compatible.

Second, if the legislature intended to prohibit indemnification among tortfeasors in products liability actions, it would have explicitly so stated. See, e.g., General Statutes § 52-572r (c) which states that "an employer . . . shall have [no] lien upon any judgment received in any product liability claim, or any right of subrogation if the claim against the third party is a product liability claim." Further, it is a rudimentary principle of statutory construction that the courts will not "read into clearly expressed legislation provisions which do not find expression in its words." *Brunswick Corporation* v. *Liquor Control Commission,* 184 Conn. 75, 81, 440 A.2d 792 (1981), quoting *International Business Machines Corporation* v. *Brown,* 167 Conn. 123, 134, 355 A.2d 236 (1974).

Third, as stated above, Connecticut common law permits indemnity among joint tortfeasors where one defendant is primarily liable for the act which occasioned the injury. *Kaplan* v. *Merberg Wrecking Corporation,* supra; *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* supra. The first sentence of General Statutes § 52-572o (d) states: "The court shall determine the award for each claimant according to these findings and shall enter judgment against the parties liable on the basis of the *common law joint and several liability of joint tortfeasors.*" (Emphasis added.) For this reason, the court concludes that General Statutes § 52-572o (d) implicitly permits indemnification among joint tortfeasors. The question of whether Peugeot was primarily negligent is one of fact and must be left to proof at trial. *Weintraub* v. *Richard Dahn, Inc.,* 188 Conn. 570, 573, 452 A.2d 117 (1982).

The motion to strike is denied.