**AUTOMOBILE UNDERWRITERS CORPORATION, Attorney-In-Fact for State Automobile & Casualty Underwriters, Appellant,**

v.

**Gary F. HARRELSON, Individually and d/b/a Harrelson's Garage, and Mary Ella Harrelson, Appellees.**

No. 86–639.

Supreme Court of Iowa.

July 22, 1987.

Kevin M. Reynolds of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellant.

John B. Martin of Stephens & Martin, Bloomfield, for appellees.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE and NEUMAN, JJ.

McGIVERIN, Justice.

Plaintiff State Automobile & Casualty Underwriters (State Auto) filed this action against defendants Gary and Mary Ella Harrelson and Harrelson's Garage (collectively Harrelsons) seeking indemnity or contribution for the settlement of a personal injury case with a third person. In a pretrial motion in limine, State Auto sought to exclude from evidence any reference to or statement concerning the amount of the settlement paid by State Auto on behalf of its insured, Hamilton Produce, Inc. The trial court overruled the motion. The court also directed a verdict on State Auto's indemnity claim that was based on the alleged active versus passive negligence which caused the accident. Following submission of the case on the contribution claim, the jury returned a verdict for Harrelsons. State Auto appeals from the ruling on the motion in limine and the directed verdict. We affirm.

I. *Background facts and proceedings.* State Auto was the liability insurance carrier for Hamilton Produce, a farm supply store in Bloomfield, Iowa. On May 8, 1980, Hamilton Produce sold Bobby Gooden two tires and rims to be used on one of his farm wagons. Jerry Arnold, an employee of the supply store, selected the rims from the inventory at the store warehouse. Arnold measured the rims with a tape measure and determined they were 16–inch rims. Arnold failed to inspect the rims to see if the size was stamped on them; in fact, the stamp on one rim disclosed the rim was 16½ inches in diameter. Markings on the tires specified that they were 16–inch tires.

After purchasing the tires and rims, Gooden delivered them to Harrelson's Garage for mounting. On May 9, Steven Speer, an employee of Harrelsons, began work on the mounting process. He used a tire changing machine to place the tires on the rims. He then removed the tire-and-rim assemblies from the tire changing machine and put them on the floor to inflate the tires. After some difficulty, Speer successfully seated the bead on the first tire and rim and fully inflated the tire. He also had difficulty seating the bead on the second rim, so he left the tire and rim on the garage floor and went to lunch.

When Speer returned from lunch, Arthur Huff, an employee of Bobby Gooden, and Dean Simerl were standing in the garage near the second tire and rim. Neither of these men worked for Harrelsons. Before Speer entered the garage, a customer pulled up to the gas pumps in front of the station and Speer went to wait on the customer. Huff and Simerl then took the air hose located in the garage and Huff began to inflate the tire. During inflation, pressure built in the tire-and-rim assembly, and as a result of the size difference the assembly finally exploded. The rim struck Huff in the head and upper extremities, seriously injuring him. State Auto settled Huff's claim against Hamilton Produce and paid Huff $267,849. The claim had been based on the failure of Hamilton Produce to discover that the size of the tires and rims sold to Gooden did not match.

State Auto then filed this action against Harrelsons seeking indemnity or contribution for the amount of the settlement with Huff. State Auto contended the negligence of Harrelsons, in addition to that of Hamilton Produce, was a proximate cause

of the accident and injury to Huff. Prior to trial the parties stipulated, among other things, to the following fact:

> State Auto's settlement of Arthur Huff's claim in the amount of Two Hundred Sixty-Seven Thousand Eight Hundred Forty-Nine Dollars ($267,849.00) constituted payment in full of the fair, reasonable and just damages incurred by Arthur Huff by reason of his injuries and subsequent disability.

The remaining issues for the jury to decide concerned negligence and proximate cause.

Before the start of the trial, State Auto filed a motion in limine seeking to exclude from evidence any reference to or statement concerning the amount of the settlement paid by State Auto to Huff. The trial court overruled the motion. During trial, Harrelsons read to the jury the complete stipulation entered into by State Auto and Harrelsons. State Auto objected to the reading of the paragraph concerning the settlement, previously set out in this opinion. The court overruled the objection.

At the close of State Auto's case, Harrelsons moved the court to direct a verdict on all three of State Auto's theories: indemnity, contribution and premises liability. The court directed a verdict for defendants on the indemnity claim, but overruled the motion on the contribution and premises liability claims.

The court instructed the jury on contribution and premises liability at the close of all the evidence. Instruction 11–D stated that the jury must accept as proved the facts set forth in the stipulation. Instruction 14–A, however, cautioned the jury not to consider

> the nature or extent of Mr. Huff's injuries, whether serious or slight, or the sum or amount of Mr. Huff's damages, whether large or small, as such matters have no bearing on the questions concerning negligence and proximate cause which you are to decide.

The jury returned a special verdict finding that Harrelsons were not negligent. The court entered judgment on the verdict for defendants Harrelson.

State Auto appeals from the judgment on two grounds. First, it claims the court erred in overruling State Auto's motion in limine, thereby allowing the amount of the personal injury settlement with Huff to be disclosed to the jury. Second, State Auto asserts that the court erred by directing a verdict for Harrelsons on State Auto's indemnity claim. Our review is for correction of errors at law. Iowa R.App.P. 4.

II. *Exclusion of stipulated fact.* State Auto argues that the disclosure to the jury of the amount of the personal injury settlement with Huff was prejudicial to the insurance company. State Auto asserts that the trial court erred in overruling the pretrial motion in limine filed by State Auto which sought to exclude the use of the stipulation of the parties concerning the settlement amount with Huff. State Auto claims that the parties stipulated to the submission to the jury of only the issues of negligence and proximate cause. State Auto reasoned in its motion in limine that the settlement amount was irrelevant to the two submissible issues, or, if relevant, prejudice resulting from the disclosure of the amount would outweigh the probative value of the disclosure.

In ruling on the motion, the court stated that the stipulation entered into by the parties was one of facts intended to be presented to the jury. Basically the court was indicating that the parties had to have some reason for entering into the stipulation, and the reason was that the parties would be relieved from presenting evidence concerning the extent of the injuries and the amount and reasonableness of the settlement.

In a contribution action by a settling tortfeasor against a nonsettling tortfeasor, plaintiff has the burden of proving common liability with the defendant to the injured person and the reasonableness of the settlement negotiated with the injured person by the claimant tortfeasor. *Hawkeye-Security Ins. Co. v. Lowe Constr. Co.*, 251 Iowa 27, 32, 99 N.W.2d 421, 425 (1959); 18 Am.Jur.2d *Contribution* § 127, at 130 (1985). In an indemnity action, one passively negligent generally may recover in

full from one actively negligent any judgment or settlement paid by the passively negligent party based on principles of equity. *See Iowa Elec. Light & Power Co. v. General Elec. Co.*, 352 N.W.2d 231, 236 (Iowa 1984); *Hathaway v. City of Sioux City*, 244 Iowa 508, 516–18, 57 N.W.2d 228, 233–34 (1953). Under this theory, claimant must show defendant's liability to the injured person and the reasonableness of the settlement or judgment amount on which contribution or indemnity is sought. *Kennedy v. City of Sawyer*, 228 Kan. 439, 461, 618 P.2d 788, 803 (1980). The reasonableness of the settlement amount typically would be an issue for the jury's resolution. *Id.*

By stipulating to the reasonableness of the settlement amount, State Auto was relieved of proving a part of its contribution or indemnity case for the jury. State Auto did not have to introduce extensive evidence on the extent of Huff's injury or the reasonableness of the settlement amount, rather the parties could rely on the stipulation. Wigmore recognizes it is not generally the role of the trial court to accept or reject the parties' stipulation as to evidence. 9 J. Wigmore, *Evidence in Trials at Common Law* § 2592, at 592 (3d ed. 1940) ("Moreover, unless the admission [his equivalent of a stipulation] is expressly rejected at the outset by the opponent, the judicial refusal to recognize it would often permit unseemly breaches of faith by counsel who have agreed to the admission.") [hereafter Wigmore]. Prejudicial error would have resulted from the court's admission of proof of the settlement amount following the stipulation. *Cf.* R. Lempert & S. Saltzburg, *A Modern Approach to Evidence* 191 (2d ed. 1983) (prejudice to admit evidence of fact following judicial admission). *But see* Wigmore § 2591, at 589 (admissibility of evidence related to stipulated fact is in the discretion of the trial court). Here, Harrelsons read the stipulation to the jury; they did not attempt to present evidence to dispute the stipulated fact.

In its motion in limine, State Auto also raised rule-based objections to the admissibility of the settlement amount. State Auto claimed the settlement amount was irrelevant, pursuant to Iowa Rule of Evidence 402, or, if relevant, was unduly prejudicial under Iowa Rule of Evidence 403. The trial court rejected these arguments, stating the jury should be advised of the entirety of the settlement and stipulation.

We concluded valuation evidence was irrelevant in a criminal burglary case which did not have value as an element of the crime. *State v. Ellis*, 350 N.W.2d 178, 180–81 (Iowa 1984). We affirmed defendant's conviction even though the trial court's admission of valuation evidence was erroneous, because defendant could not establish the admission of the evidence prejudiced him. *Id.* at 181.

We need not determine whether the evidence is relevant or not, because State Auto has failed to prove it was prejudiced by the disclosure of the settlement amount. Although State Auto claims Harrelsons unduly emphasized the settlement amount, there is only one reference made to it in the record. Further, State Auto's objection to Harrelsons' use of the stipulation was couched in terms not alerting the jurors to alleged prejudice. State Auto merely referred the court to the reasons set forth in its motion in limine, and the court noted the objection and overruled it. Finally, we assume that jurors follow the court's instructions. *Giltner v. Stark*, 219 N.W.2d 700, 704 (Iowa 1974). The court instructed the jury that it had to accept the parties' stipulation and that it could not consider the settlement amount in making its proximate cause and negligence determinations.

■ We conclude that the trial court did not commit error in overruling State Auto's motion in limine for two reasons. First, the parties entered into a stipulation which was to be used at trial. The court could not reject the pretrial stipulation sua sponte, and neither party asked to be relieved of its stipulations. Further, the stipulation concerned matters that State Auto was required to prove in order to prevail on either its contribution or indemnity claims. Second, the trial court did not commit reversible error in overruling the motion, be-

cause State Auto has failed to establish it was prejudiced by the disclosure of the settlement amount.

III. *Viability of indemnity claim in comparative negligence case.* At trial State Auto asserted that it should be allowed indemnification for the settlement amount paid to Huff based on active/passive negligence principles. Under the active/passive negligence theory, a party who is only passively negligent may recover in indemnity from one whose active negligence causes the injuries to the injured person. *Rees v. Dallas County,* 372 N.W.2d 503, 505–06 (Iowa 1985).

State Auto argued that the negligence of its insured Hamilton Produce was merely passive, while the negligence of Harrelsons was active. State Auto relied on *Sweeny v. Pease,* 294 N.W.2d 819, 823 (Iowa 1980), which defines passive negligence as "nonfeasance or inaction, such as the failure to discover a dangerous condition or to perform a duty imposed by law." State Auto claims that the negligence of Hamilton Produce was merely the failure to discover the tires and rims were mismatched as to size. It further claims Harrelsons were actively negligent in the following respects: (1) failing to use the tire changing machine to inflate the tires; (2) failing to keep nonemployees out of the garage area; and (3) failing to notice the tires and rims were mismatched as to size before mounting.

The trial court directed a verdict for Harrelsons on the indemnity claim. The court noted that in order to apply the active/pas-

sive negligence theory of indemnification one party must be actively negligent and one only passively negligent; the theory is not applicable when both parties are actively negligent. *See, e.g., Payne Plumbing & Heating Co. v. Bob McKiness Excavating & Grading, Inc.,* 382 N.W.2d 156, 159 (Iowa 1986). The court then indicated that the negligence of Hamilton Produce was active in the measurement and sale of the mismatched tires and rims. The court further reasoned that we would not honor the active/passive negligence theory of indemnification if we were to rule on the theory's viability in light of comparative negligence or comparative fault principles.[1] *See Rees,* 372 N.W.2d at 506.

■ Under this record, however, we need not address the issue of whether active/passive negligence remains viable as a theory of indemnification. In order for the theory to operate at least two parties must be negligent. While the jury did not decide the indemnity question, it determined there was no negligence on Harrelsons' part for the purposes of contribution. In division II above, we concluded there was no error concerning the submission to the jury of the contribution claim; therefore, we must accept the jury's determination that Harrelsons were without fault in the accident causing Huff's injuries. If not at fault for contribution purposes, then Harrelsons could not be at fault for indemnification purposes under the active/passive negligence theory. Accordingly, there could be

---

**1.** Several courts and commentators have resolved this issue, most concluding that the active/passive negligence theory of indemnification does not survive in a comparative fault tort system. *See American Motorcycle Ass'n v. Superior Court,* 20 Cal.3d 578, 603, 578 P.2d 899, 914, 146 Cal.Rptr. 182, 198 (1978); *Kennedy v. City of Sawyer,* 228 Kan. 439, 455–62, 618 P.2d 788, 800–03 (1980); *Tolbert v. Gerber Indus., Inc.,* 255 N.W.2d 362, 367–68 (Minn.1977); *Consolidated Util. Equip. Servs., Inc. v. Emhart Mfg. Co.,* 123 N.H. 258, 261, 459 A.2d 287, 288–89 (1983); *Dole v. Dow Chem. Co.,* 30 N.Y.2d 143, 147–49, 282 N.E.2d 288, 291–92, 331 N.Y.S.2d 382, 386–87 (1972); *Zaleskie v. Joyce,* 133 Vt. 150, 157–58, 333 A.2d 110, 114–15 (1975); *Pachowitz v. Milwaukee & Suburban Transp. Co.,* 56 Wis.2d 383, 386–90, 202 N.W.2d 268, 270–72 (1972); Restatement (Second) of Torts § 886A comment 1, at

342–43; § 886B comment 1, at 349 (1979); Ordway & Haag, *Indemnity Actions Premised upon Active/Passive Negligence: Have They Survived Enactment of Chapter 668?,* The Iowa Trial Lawyer 18, 19 (Autumn 1986); V. Schwartz, *Comparative Negligence* § 16.9, at 287, 289 (1986); *cf. Woodruff Constr. Co. v. Barrick Roofers, Inc.,* 406 N.W.2d 783, 786 (Iowa 1987) (In a workers' compensation setting, we summarily rejected the argument "that the law implies a right to indemnify a party to recover damages attributed to its own negligence."). *But see Bass v. United States,* 379 F.Supp. 1208, 1209 (D.Colo.1974); *Faiz v. Peugeot Motors of Am., Inc.,* 40 Conn.Super. 74, ——, 481 A.2d 113, 114–15 (1984). *See generally* Annotation, *Contribution or Indemnity Between Joint Tortfeasors on Basis of Relative Fault,* 53 A.L.R.3d 184 (1973).

no error in the court's direction of a verdict for defendants Harrelson as to the indemnity claim by State Auto.

IV. *Disposition.* In summary, we conclude that there was no error in the disclosure of the settlement amount to the jury, nor was there error in the trial court's direction of a verdict for Harrelsons on State Auto's indemnity claim. We, therefore, affirm the judgment of the trial court.

AFFIRMED.