Janice A. REIMERS, Administrator of the Estate of Lance D. Reimers, a Minor Child, Deceased; Janice A. Reimers, Executor of the Estate of Harry A. Reimers, Deceased; Janice A. Reimers, Individually; and Chad L. Reimers, a Minor Child, by and through his Mother and Next Friend, Janice A. Reimers, Plaintiffs,

v.

HONEYWELL, INC.; Magic Chef, Inc. f/k/a Johnson Corporation f/k/a the Johnson Furnace Company; Iowa Supply Company; and Triple "S" Plumbing, Heating and Cooling Corporation, Defendants.

HONEYWELL, INC., Appellee,

v.

POWESHIEK–JASPER FARM SERVICE COMPANY, Appellant.

No. 89–556.

Supreme Court of Iowa.

June 20, 1990.

Rehearing Denied July 20, 1990.

Frank A. Comito of Comito & Capps, Des Moines, and George Flynn and Thomas Klosowski of Cosgrove, Flynn, Gaskins & Haskell, Minneapolis, Minn., for appellee.

John B. Grier of Cartwright, Druker & Ryden, Marshalltown, for appellant.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

After paying a substantial amount to settle a products liability case a manufacturer brought this suit for contribution. The case was tried before a jury which found contributions should be ordered. This appeal challenges both the trial court's venue and sufficiency of the evidence to support the judgment for contribution. We affirm in part, reverse in part, and remand.

In 1985 there was a gas explosion in the home of Harry and Janice Reimers in Poweshiek County. Harry and his son, Lance, were killed. Janice and another son, Chad, were injured. The survivors and the estates of Harry and Lance brought a products liability action against Honeywell, Inc. Honeywell manufactured a furnace valve which failed, causing leaking L.P. gas and the subsequent explosion. Honeywell is a Delaware corporation with its principal place of business in Minneapolis, Minnesota. Honeywell was registered to do business in Iowa; its registered agent and office were located in Polk County.

Other defendants were joined in the action on theories of claimed involvement with providing or supplying the furnace. Magic Chef, Inc. (the furnace manufacturer), also a Delaware corporation, was not registered to do business in Iowa. Because it had no registered Iowa agent Magic Chef was served pursuant to the long-arm statute. *See* Iowa Code § 496A.112 (1989). Iowa Supply Co. (the furnace retailer) was an Iowa corporation with its principal place of business in Des Moines in Polk County. Triple "S" Plumbing, Heating and Cooling Corporation (furnace seller and servicer) was an Iowa corporation with its principal place of business and registered agent in Poweshiek County.

Although the accident had occurred in Poweshiek County the Reimers' suit was brought in Polk County, and no one disputes that it was properly commenced there. Venue in Polk County was proper

because at least one defendant (Iowa Supply Co.) resided there. Venue was therefore proper for all defendants. Iowa Code § 616.18 (personal actions must be brought in county where one of defendants resides).

Honeywell filed cross-claims for contribution against Magic Chef and Triple "S." In addition Honeywell filed a third-party petition against Poweshiek–Jasper Farm Service (hereinafter Poweshiek), the Reimers' gas supplier. Poweshiek was an Iowa corporation with its principal place of business and registered agent in Poweshiek County.

Thereafter, prior to trial, Honeywell settled with the Reimers. All claims of all four plaintiffs against all defendants were settled for $1.4 million. Then Honeywell settled its contribution claims against Magic Chef and Triple "S." The claim against Iowa Supply was dismissed on an unopposed summary judgment motion. The case then proceeded to trial on Honeywell's contribution claim against Poweshiek.

The jury returned a verdict finding Honeywell eighty percent at fault, Poweshiek fifteen percent at fault, and Triple "S" five percent at fault. The jury found the $1.4 million settlement reasonable. The trial court entered judgment against Poweshiek in favor of Honeywell for $210,000. This appeal followed.

■ I. After Iowa Supply was granted summary judgment Poweshiek moved for dismissal pursuant to Iowa Code section 616.20.[1] There may be alternative grounds to support the trial court's rejection of the motion. At the outset there is serious reason to question whether the right of dismissal given nonresident defendants by section 616.20 extends to cases where venue is acquired, as it was in this case, under section 616.18. Section 616.20 expressly addresses only actions brought pursuant to sections 616.17 and 616.19. Poweshiek contends that the expressed sweep of section

616.20 should be broadened to include actions brought under section 616.18, a contention we do not address.

■ We rest our affirmance of the point on another ground. Honeywell was licensed to do business in Iowa and maintained its primary Iowa offices in Des Moines, Polk County. This makes Honeywell also a "resident" of Polk County for venue purposes. A foreign corporation doing business in Iowa is a resident here. *Pittsburgh–Des Moines Steel Co. v. Incorporated Town of Clive*, 249 Iowa 1346, 1349, 91 N.W.2d 602, 604 (1958). Even if we were to apply the dismissal right of section 616.20 to cases brought under section 616.18, Honeywell remained a Polk County resident. We do not think Honeywell's venue status was altered by what occurred after it was brought into the suit.

This is not a situation where a plaintiff makes a claim of venue on the basis of a spurious claim against one defendant and then dismisses it. Honeywell was brought into this suit as a defendant. It was the Reimers who first claimed venue in Polk County. Honeywell properly appeared as defendant and raised its contribution claims in Polk County. Polk County venue was not lost when the other Polk County defendant was dismissed from the case. The trial court was correct in so holding.

II. The Reimers' suit against Honeywell included a count based on wanton and reckless disregard. Punitive damages were sought. In its answer to Honeywell's third-party petition Poweshiek raised the affirmative defense that, in conscious disregard of them, Honeywell exposed the Reimers to a highly unreasonable risk of harm. Poweshiek contends this barred Honeywell from recovery under the comparative fault Act, Iowa Code ch. 668. The trial court rejected Poweshiek's contention and submitted the case to the jury without requiring Honeywell to show the extent to

---

1. Section 616.20 provides in material part:

    **616.20 Right of nonresident defendant.**

    Where an action provided for in sections 616.-17 [personal actions—except as otherwise provided] and 616.19 [actions upon negotiable paper] is against several defendants, some of whom are residents and others nonresidents of the county, and the action is dismissed as to the residents, or judgment is rendered in their favor, or there is a failure to obtain judgment against such residents, such nonresidents may, upon motion, have said cause dismissed....

which its settlement excluded payments for claimed punitive damages. On appeal Poweshiek contends that Honeywell is barred from recovering on two alternative grounds. It contends Honeywell cannot recover because it was guilty of conduct justifying an award of punitive damages. Poweshiek also contends that, because the portion of the settlement attributable to such conduct was not shown, the entire damage award was tainted and not recoverable.

In *Beeck v. Aquaslide 'n' Dive Corp.*, 350 N.W.2d 149 (Iowa 1984), a case decided prior to the comparative fault Act, we held that intentional or reckless tortfeasors—whom we defined as those guilty of willful or wanton misconduct—were not entitled to contribution. *Id.* at 170. The trial court here nevertheless submitted Honeywell's contribution claim for jury consideration in the belief that the legislature undid our *Aquaslide* holding when it enacted the comparative fault Act.

■ The argument that the legislature rejected the *Aquaslide* (and therefore the Restatement) view is certainly tenable. Fault is defined in the Act as "acts or omissions that are in any measure negligent or reckless." Iowa Code § 668.1(1). In reaching that view, however, the trial court did not have advantage of our later opinion in *Godbersen v. Miller*, 439 N.W.2d 206 (Iowa 1989). In *Godbersen* we rejected a contention that, under the comparative fault Act, a punitive damage award should be reduced by a plaintiff's proportionate fault. We said: "[W]e hold that the comparative fault principles of section 668.3(1) have no application to a claim for punitive damages." *Id.* at 209. We remain convinced of our *Godbersen* holding and think it controls the result in this case. Punitive damages lie outside the sweep of the comparative fault Act. This was true with regard to a plaintiff's recovery in *Godbersen*. It is also true in this case with regard

to a defendant's claim for contribution. Honeywell's contribution claim was grounded in section 668.3(1).[2]

■ As mentioned, Poweshiek goes so far as to contend that the prohibition extends beyond barring contribution recoveries for punitive damages. Poweshiek contends that the prohibition also bars a tortfeasor against whom punitive damages were awarded from seeking contribution for any damages. We think this would take the prohibition of contribution recovery too far. The prohibition is aimed at outrageous conduct, not tortfeasors personally. When and if the conduct giving rise to punitive damages can be separated from damages arising from the tortfeasor's other, less egregious, conduct there is no reason to bar contribution for that part of the damages which was not punitive in nature.

■ It should be the burden of the party seeking contribution to show the matters outlined in Iowa Code section 668.5 [right of contribution]. Where, as here, it appears that claims for punitive damages were included in the judgment or settlement, we think the burden is upon the contribution claimant to show what portion was for punitive damages. In this way contribution can be disallowed on that portion. Where no segregation of punitive damages can be established by a preponderance of the evidence contribution cannot be obtained.

■ This case was not tried on a theory that punitive damage settlements had to be segregated. Because the case was not so tried, the judgment of the trial court must be reversed. The only remaining question is whether the case should be remanded for dismissal or for further proceedings. Poweshiek strenuously argues that Honeywell's claim should be dismissed, that Honeywell should not be entitled to a sec-

---

**2.** Section 668.3(1) provides:

1. Contributory fault shall not bar recovery in an action by a claimant to recover damages for fault resulting in death or in injury to person or property unless the claimant bears a greater percentage of fault than the combined percentage of fault attributed to the defendants, third-party defendants and persons who have been released pursuant to section 668.7, but any damages allowed shall be diminished in proportion to the amount of fault attributable to the claimant.

ond chance to prove the necessary elements for recovery.

Poweshiek's position ordinarily would be sound. A tort claimant, even in uncertain and developing areas of the law, is at risk in predicting what proof will be required. It is the claimant who must choose which horse to ride and, if the choice proves to be the wrong one, the claimant cannot recover for having failed in what is later determined to be required proof.

■ But an appellate court is not without power to remand for a new trial in special cases where justice demands it. We note and approve the following:

> An appellate court, either by reason of express statutory provision or otherwise, is usually held to have the power, under proper circumstances, to order the case remanded to the lower court for a new trial or other appropriate proceedings, even though the appellant failed to move for a new trial below. This power is largely, although not entirely, discretionary.

5B C.J.S. *Appeal and Error* § 1933, at 452 (1958); *see also* 5 Am.Jur. *Appeal and Error* § 963, at 390 (1962).

We think it would be palpably unfair to order Honeywell's claim dismissed. Honeywell carried its burden on the major issues of the claim: proportionate fault on the part of Poweshiek and the reasonableness of the settlement. Honeywell's theory that contribution claims in punitive damage cases could be sought under the comparative fault Act, although later rejected, was certainly arguable. The able trial court adopted that theory and directed the case to be tried accordingly. The theory was repudiated later in *Godbersen* and in this decision. But we think, under the limited facts here, Honeywell should be allowed to show, if it can, that a specific portion of the $1.4 million settlement was to satisfy the punitive damage claim against it.[3] If this can be shown by a

preponderance of the evidence, Honeywell is entitled to recover proportionately for its settlement, after excluding in the calculation any part for settling punitive damage claims.

On remand the matter should be tried as a special issue case. *See* Iowa R.Civ.P. 186. Tax costs on appeal one-half to Poweshiek and one-half to Honeywell.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

claimant will not be barred from recovery where it can be established that no part of the settlement was to satisfy punitive damage claims.

---

**3.** Because the Reimers' suits against Honeywell contained punitive damage claims, and because all claims were settled, we assume that some portion of the $1.4 million settlement was for punitive damages. Of course a contribution