**TRANSPORT INSURANCE COMPANY; Thompson Brothers, Inc.; Williams Wetering, as Special Administrator of the Estate of Robert Sudenga, Deceased, Appellants,**

v.

**CHRYSLER CORPORATION; Rally Industries, Inc.; T.E.C., Inc.; Travel Equipment Corporation, Appellees.**

No. 95–1583.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1995.

Decided Dec. 13, 1995.

---

James K. Horstman, Chicago, IL, argued (Barry L. Kroll, Alton C. Haynes, and Lloyd E. Williams, Jr., on the brief), for appellant.

Philip Willson, Council Bluff, IA, argued, for appellee Travel Equipment and Rally Industries.

Mark W. Thomas, Des Moines, IA, argued, for Chrysler Corp.

Before RICHARD S. ARNOLD, Chief Judge, WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

WOLLMAN, Circuit Judge.

Transport Insurance Corporation (Transport) appeals the district court's[1] entry of judgment in favor of Chrysler Corporation (Chrysler) and Travel Equipment Corpora-

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

tion (Travel Equipment) following a jury trial. We affirm.[2]

## I.

This lawsuit arose from an accident that occurred on Interstate 29 in Iowa. During the early morning of August 17, 1988, a fully loaded tractor-trailer insured by Transport rear-ended a recreational vehicle (RV) manufactured by Chrysler and Travel Equipment, causing it to roll over and crash. Two of the occupants in the RV were killed and two were injured. After settling the underlying tort claims for $1,700,000, Transport sought contribution from Chrysler and Travel Equipment, alleging that design defects in the RV enhanced the occupants' injuries. Chrysler manufactured the chassis (i.e. the frame that contains the body and motor of a vehicle), while Travel Equipment manufactured and installed the body on the chassis.

The jury rendered a verdict in favor of Chrysler and Travel Equipment. The district court entered judgment on the alternative grounds that Transport had failed to establish how the settlements were allocated between compensatory and punitive damages and that Transport's conduct was the sole proximate cause of the injuries and deaths. Transport filed a motion seeking judgment as a matter of law or, in the alternative, a new trial, which was denied. Transport appeals, alleging, inter alia, that the jury verdicts were inconsistent and that the jury instructions misstated its burden of proof on the issue of proximate cause.

## II.

■ Contribution is available to a settling tortfeasor if the amount paid in settlement is reasonable. *See Automobile Underwriters Corp. v. Harrelson*, 409 N.W.2d 688, 690 (Iowa 1987); Iowa Code Ann. § 668.5 (West 1987). If the settlement contains punitive damages, however, contribution is dis-

allowed on that portion. *Reimers v. Honeywell, Inc.*, 457 N.W.2d 336, 339 (Iowa 1990). Thus, when punitive damages are included in the settlement, the party seeking contribution must prove how the settlement was allocated between compensatory and punitive damages. *Id.* If the party seeking contribution cannot segregate the compensatory and punitive portions of the settlement, contribution is disallowed on the entire amount. *Id.* Therefore, as a threshold matter, Transport needed to prove how much of the settlement was for compensatory damages and show that this amount was reasonable.

The jury found that Transport failed to establish the amount paid for compensatory damages and the amount paid for punitive damages. However, the jury also found that the amount paid for compensatory damages was reasonable. Transport's main contention on appeal is that the jury verdicts are inconsistent, in that the answers imply that the jury knew what amount had been paid for compensatory damages.[3]

■ We conclude that this contention is without merit. "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Lockard v. Missouri Pacific R. Co.*, 894 F.2d 299, 305 (8th Cir.1990) (quoting *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 82 S.Ct. 780, 785, 7 L.Ed.2d 798 (1962)). Therefore, we must try to reconcile the findings before we "disregard the jury's special verdict and remand the case for a new trial." *Lockard*, 894 F.2d at 305 (quoting *Gallick v. Baltimore & O.R.R.*, 372 U.S. 108, 119, 83 S.Ct. 659, 665, 9 L.Ed.2d 618 (1963) (citations omitted)).

■ The apparent purpose of the separate verdict forms was to determine whether Transport met both elements in establishing its claim for contribution. To proceed to the second element (whether the compensatory

---

2. Transport's motions to supplement the record are granted.

3. The first set of jury forms (forms 1–4) asked the jury to determine whether Transport had proved how much of the settlement was for compensatory damages. The second set of jury forms (forms

5–8) dealt with the second element of Transport's contribution claim—whether the amount paid for compensatory damages was reasonable. Both sets of forms were substantively the same, the only difference being the name of the victim for each of the settlements.

damages were reasonable), however, the jury first had to conclude that Transport proved the amount allocated for compensatory damages. Because the jury found that the evidence was insufficient to distinguish between the compensatory and punitive portions of the settlement, a determination of the reasonableness of compensatory damages was unnecessary. Thus, the jury's determination as to the second element does not help Transport because Transport did not overcome the first hurdle in establishing a claim for contribution.

Transport's reasoning further unravels in light of the fact that the same argument could be raised no matter how the jury answered the second set of verdicts. Under Transport's view, a jury finding that the amount paid for compensatory damages was unreasonable would have been equally inconsistent. Yet the jury had only two options— whether the amount paid for compensatory damages was reasonable or whether the amount paid was unreasonable. In hindsight, it is clear that the jury should have been instructed to disregard the second set of verdicts entirely once it determined that Transport failed to prove the amount of compensatory damages. In any event, we find that the verdicts can be reconciled because the jury was not asked to make a specific finding as to the amount paid for compensatory damages. A mere determination as to the reasonableness of the compensatory damages does not necessarily imply that the jury placed a precise number on the amount of such damages. Thus, the verdicts were not inconsistent.

### III.

Transport also contends that the district court erred in drafting jury instructions relating to proximate cause. Transport specifically points to Instruction 27, which stated that proximate cause had not been proven if it was "uncertain or speculative" whether any damage was caused by a defective condition. We believe that review of this claim is unnecessary because Transport did not prevail on the threshold issue of establishing the amount paid for compensatory damages. In any event, we find Transport's argument unpersuasive.

We review the district court's formulation of jury instructions for abuse of discretion. *Board of Water Works Trustees v. Alvord, Burdick & Howson, Inc.,* 706 F.2d 820, 823 (8th Cir.1984). We must determine whether the jury instructions, taken as a whole, "fairly and adequately submitted the issues in the case to the jury." *Kansas City Power & Light v. Ford Motor Credit Co.,* 995 F.2d 1422, 1430 (8th Cir.1993) (quoting *Jones v. Board of Police Comm'rs.,* 844 F.2d 500, 504 (8th Cir.1988), *cert. denied,* 490 U.S. 1092, 109 S.Ct. 2434, 104 L.Ed.2d 990 (1989)). An examination of the proximate cause instructions reveals that the jury was properly instructed on this issue. The instructions correctly stated that Transport had to establish, by a preponderance of the evidence, that a defective condition was a proximate cause of the victims' enhanced injuries. Moreover, the instructions accurately depicted the governing law regarding enhanced injury claims in Iowa. *See Hillrichs v. Avco Corp.,* 478 N.W.2d 70, 75 (Iowa 1991) (stating that no recovery is warranted in enhanced injury cases when "it is uncertain or speculative" that additional damage has occurred). In fact, the district court adopted the language at issue verbatim from the *Hillrichs* opinion.

We have examined Transport's remaining contentions and find them to be without merit.

The judgment is affirmed.