Garsh, J.
The parties seek a pre-trial ruling concerning the burden of proof in a contribution action with respect to the reasonableness of the underlying tort settlements.[3] General Laws chapter 23 IB, Section 1(c) provides:
A tortfeasor who enters into a settlement with a claimant shall not be entitled to recover contribution from another tortfeasor in respect to any amount paid in a settlement which is in excess of what was reasonable.
This provision has been interpreted to place the burden of proof on the person seeking contribution to show that the settlement was reasonable. See Robertson v. McCarte, 13 Mass.App.Ct. 441, 445 n.5 (1982); Michael B. Bogdanow, Massachusetts Tort Damages §16-104 (2d ed. 1999). See also M. Pierre Equipment Co., Inc. v. Griffith Consumers Co., 831 A.2d 1036, 1039 (D.C.App. 2003) (in a contribution action, the settling tortfeasor has the burden of establishing the reasonableness of the settlement); Automobile Underwriters Corp. v. Harrelson, 409 N.W.2d 688, 690-91 (Iowa 1987) (stipulation concerning reasonableness of settlement relieves settling tortfeasor of its burden of proving part of its contribution case); Restatement (Third) Torts: Apportionment of Liability §23 cmt. h (2000) (in seeking contribution, settlor must show that settlement was reasonable).
*290 Relying on Noyes v. Raymond, 28 Mass.App.Ct. 186 (1990), the settling tortfeasors contend that once they introduce evidence of the amount of the settlements, the burden should shift to the non-settling tortfeasor to prove their unreasonableness. Noyes concerned a settling tortfeasor’s motion for dismissal of a contribution claim against him pursuant to G.L.c. 231B, §4, which provides in relevant part:
When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury ... (b) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.
In analyzing the appropriate procedure for determining “good faith” under §4, the Court noted that the puxpose of G.L.c. 23 IB in general is to encourage settlement and that the requirement of good faith serves to prevent fraud and collusion. Noyes, 28 Mass.App.Ct. at 189. The Court concluded:
The goal of encouraging settlements may be achieved only to the extent that motions for discharge based upon settlements are routinely allowed, with extended hearings on the question of good faith the exception. If it were otherwise, a party seeking to avoid trial by settling a claim could rarely achieve that objective; either the issue of good faith would be the subject of a full trial or... a defendant who settles with a plaintiff may, nevertheless, be forced to stand trial on the merits of the tort claim. Faced with such prospects, a defendant would have little incentive to enter into a settlement.
Id. at 189-90. The Court further concluded that the party seeking discharge has the initial burden of establishing the nature and terms of the settlement, after which the party opposing discharge bears the burden of rasing a legitimate issue of lack of good faith that would entitle it to an evidentiary hearing with the burden of coming forward with some showing of lack of good faith resting on those opposing the discharge. Id. at 191. The Court chose not to decide which party would have the burden of persuasion on the good faith issue, but noted that “it should probably remain with the party bearing the burden of production.” Id. at 191, n.8.
Nothing in Noyes requires this Court to conclude that the burden shifts to the non-settling tortfeasors to prove that the settlements were excessive once the settling tortfeasors prove that settlements were entered into and the amounts of those settlements.[4] The two sections of Chapter 23 IB serve different purposes. Section 4 protects a settling tortfeasor from a contribution claim, while section 1(c) permits the settling tortfeasor to recover part of the cost of the settlement from a joint tortfeasor to the extent that the settlement was reasonable. The rationale of Noyes of avoiding a full trial on the issue of good faith under §4 does not apply to reasonableness under §1. “Since the settlement must be reasonable it follows that the question of total liability to the injured party may be litigated in the contribution action.” Unif. Contrib. Act, 12 U.L.A. §1 cmt.' at 196 (1996). A contribution action thus requires a full hearing on many issues, including the reasonableness of the settlement. City of Tucson v. Superior Court, 798 P.2d 374, 380 (Ariz. 1990). Further, it is fair to place the burden of reasonableness on the tortfeasor seeking to shift the cost of a settlement onto a non-settling tortfeasor. As the commentary to the Restatement (Second) of Torts states:
when a tortfeasor without suffering a judgment against him has voluntarily made a settlement with the plaintiff and a payment that exceeds any amount that would be reasonable under the circumstances, he should not be permitted to inflict liability for contribution regarding the excess upon another tortfeasor who has not entered into the same settlement. The reasonableness of the settlement is always open to inquiry in the suit for contribution, and the tortfeasor making it has the burden of establishing the reasonableness of the payment he has made.
Restatement (Second) of Torts §886A, cmt. d (1979).
In sum, this Court is persuaded the settling tortfeasors bear the burden of demonstrating that its settlements were reasonable and that the burden of proof does not shift to the non-settling tortfeasors merely by proof that the fact and amount of the settlements.

 The May 30, 2002 approval by this Court (Murphy, J.) of the underlying settlements does not preclude Bay State from challenging their reasonableness in the context of a contribution action. The purposes of an approval hearing under G.L. 152, §15 are to ensure that the employee’s interest in workers’ compensation under the statute is protected from being disregarded or unfairly dissipated by a settlement entered into by the insurer, to reimburse the workers’ compensation insurer, and to prevent the employee’s double recovery. Lane v. Plymouth Restaurant Group, 440 Mass. 469, 472 (2003); DiMartino v. Quality Industrial Propane, Inc., 407 Mass. 171, 176 (1990). These are limited concerns separate from the issue of overall reasonableness. Cf. City of Tucson v. Superior Court, 798 P.2d 374, 378 (Ariz. 1990) (a finding that a settlement is made in “good faith” does not preclude an alleged tortfeasor from disputing the reasonableness of the amount of damages that were paid to the tort claimants).

Florida uses a shifting burden approach under its version of the Uniform Contribution Among Tortfeasors Act. See, e.g., Home Insurance Co. v. Advance Machine Co., 443 So.2d 165, 169 (Fla.App. 1983) (once settling tortfeasor proves fact and amount of settlement, burden shifts to other tortfeasor to establish that settlement was excessive). See also Consolidated Coach Corp. v. Burge, 54 S.W.2d 16, 18-19 (Ky 1932) (under statute providing that “contribution among wrongdoers may be enforced where the wrong is a mere act of negligence . . . ,” burden rests on tortfeasor opposing contribution to show that settlement was unreasonable or excessive).