**PEB PRACTICE SALES, INC., A Minnesota Corporation, Appellee/Cross–Appellant,**

v.

**Roger L. WRIGHT, D.D.S. and Roger L. Wright, D.D.S., P.C., Appellants/Cross–Appellees.**

No. 90–220.

Court of Appeals of Iowa.

May 29, 1991.

James R. Monroe, Des Moines, for appellants/cross-appellees.

Mark A. Roeder, Des Moines, for appellee/cross-appellant.

Considered by DONIELSON, P.J., and SCHLEGEL and HAYDEN, JJ.

HAYDEN, Judge.

PEB Practice Sales, Inc. (Practice Sales) is a Minnesota corporation engaged in the business of brokering and selling dental practices. Practice Sales and Roger L. Wright, D.D.S. (Wright) entered into an exclusive right-to-sell agreement to sell Wright's dental practice. The practice was owned by a professional corporation (P.C.), of which Wright was the head and sole shareholder. Wright signed the exclusive right-to-sell agreement in his own name without mentioning the professional corporation.

Wright, acting through his professional corporation, sold his practice to Dr. Robert Cram. The sale was negotiated by Richard Neufeld. Wright paid Neufeld for his services. Practice Sales was not involved in the sale and was not paid a sales commission.

Practice Sales sued Wright and Wright's professional corporation (P.C.) for breach of contract and fraud. Following a bench trial, the district court entered judgment in favor of Practice Sales on the contract claim. The court awarded Practice Sales $11,003.89, which represents seven percent of the sale price. Wright and P.C. appeal. Practice Sales cross-appeals.

We affirm the trial court on all issues. We address the issues in the order presented.

Our review of the trial court's findings is on errors of law. Iowa R.App.P. 4. We are bound by the trial court's findings of facts if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

## I. *Preservation of Error*

We note Practice Sales objects to many of Wright's arguments on the grounds the arguments were not preserved for our review. Practice Sales further claims a rule 179(b) motion was necessary to preserve some of these claims. On rebuttal, Wright contends his real argument concerns the sufficiency of the evidence.

A. Rule 179(b) Motion. To put Practice Sales' claims of failure to preserve error in perspective, we must consider when a rule 179(b) motion is necessary. We set out the pertinent portion of Iowa R.Civ.P. 179(b):

> On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted. But a party, on appeal, may challenge the sufficiency of the evidence to sustain any finding without having objected to it by such motion or otherwise.

Although we agree with appellant some of his issues were adequately preserved under a sufficiency of the evidence standard, others could be adequately preserved only by a rule 179(b) motion.

It is well settled that a rule 179(b) motion is essential to preservation of error when

a trial court fails to resolve an issue, claim, defense, or legal theory properly submitted to it for adjudication.... Issues must ordinarily be presented to and passed upon by the trial court before they may be raised and decided upon appeal.

*State Farm Mut. Auto. Ins. Co. v. Pflibsen*, 350 N.W.2d 202, 206–07 (Iowa 1984) (citations omitted).

■ If no rule 179(b) motion is made, or an issue not raised, we will assume as fact an unstated finding necessary to support the trial court's judgment. *Hubby v. State*, 331 N.W.2d 690, 695 (Iowa 1983). Any ambiguity in the trial court's findings is decided in favor of the judgment. *Id.*

The filing of a rule 179(b) motion tolls the thirty-day limit to file an appeal. Iowa R.App.P. 5(a). The notice of appeal must be filed within thirty days of the ruling on the 179(b) motion. Iowa R.App.P. 5(a); *see, e.g., Peoples Trust and Sav. Bank v. Baird*, 346 N.W.2d 1, 3 (Iowa 1984). Summary judgment proceedings are also subject to rule 179(b) requirements. *Id.*, Iowa R.Civ.P. 237(c). Appeals based on sufficiency of the evidence need not be challenged by a rule 179(b) motion. Iowa R.Civ.P. 179(b).

B. Sufficiency of the Evidence. Wright claims error is preserved and should be reviewed under a sufficiency of the evidence standard. We set out the applicable criteria.

■ Findings of facts in a law action have the effect of a special jury verdict and are binding on us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We construe the trial court's findings broadly and liberally. *Grinnell Mut. Reinsurance C. v. Voeltz*, 431 N.W.2d 783, 785 (Iowa 1988). In case of doubt or ambiguity we construe the findings to uphold, rather than defeat, the trial court's judgment. *Id.* We are prohibited from weighing the evidence or the credibility of the witnesses. *Id.*

A finding of fact is supported by substantial evidence if the finding may be reasonably inferred from the evidence. In evaluating sufficiency of the evidence, we view it in its light most favorable to sustaining the court's judgment. We need only consider evidence favorable to the judgment, whether or not it was contradicted.

*Briggs Transp. Co. v. Starr Sales Co.*, 262 N.W.2d 805, 808 (Iowa 1978).

■ Evidence is substantial or sufficient when a reasonable mind would accept it as adequate to reach the same findings. *Waukon Auto v. Farmers & Merchants Sav. Bank*, 440 N.W.2d 844, 846 (Iowa 1989). Evidence is not insubstantial merely because it could support contrary inferences. *Grinnell Mut. Reinsurance Co.*, 431 N.W.2d at 785.

With these principles in mind, we turn to the issues raised on appeal.

## II. *Validity of Contract*

■ Wright complains the trial court erred in finding a valid contract between Wright and Practice Sales. Wright argues his dental practice was in fact owned by the professional corporation of which he was the head and sole shareholder. Wright claims he as an individual could not legally bind the corporation.

Wright's argument is specious at best. At worst, it is apparent ground for Practice Sales' claim for fraudulent misrepresentation, potentially exposing Wright to punitive damages. We fail to see how Wright, as the only person with authority to bind the corporation, can now say he was without authority to bind the corporation by his actions as an individual. He had full knowledge of his position in relation to his dental practice. Upon the evidence presented, the trial court could have found Wright had both real and apparent authority to bind the corporation through his individual actions.

Additionally, Wright cannot have it both ways within the context of this case when one way ceases to be to his personal advantage. First, he acted as if he had authority to sell his business. Later, when he wanted to back out of the contract, he claimed he never had authority to sell his business in his individual capacity. Practice Sales, in reliance upon Wright's representations,

changed its position and extended its services. It even brought about the initial meeting between Wright and the eventual purchaser, Dr. Cram. We determine Wright is equitably estopped from taking different opposing legal positions in this action to the detriment of another relying upon his representations.

Finally, we determine there is no ambiguity as alleged in the contract between Wright and Practice Sales. The use of the terms "dentist" and "seller" interchangeably does not cause us any confusion. The plain meaning of the document is readily apparent.

Substantial evidence supports the trial court's findings on this issue. We affirm the trial court on this issue.

### III. *Preclusive Effect of Contract*

Wright next argues the contract between himself and Practice Sales did not preclude him from selling the business through his own efforts. We review this argument under a sufficiency of the evidence standard. We will not disturb the trial court's findings if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

■ Under Iowa law, an owner may sell property through his own efforts without necessarily being liable for a commission under an exclusive right-to-sell agreement. *Stromberg v. Crow*, 257 Iowa 348, 352, 132 N.W.2d 462, 464 (1965); *Hedges Co. v. Shanahan*, 195 Iowa 1302, 1303, 190 N.W. 957, 958 (1922). This right can only be negated by clear and express language in the contract to the contrary. *Id.*

■ The problem in the present case is there appears to be another intermediary, a Richard Neufeld. Apparently he is a former employee of Practice Sales and is now in competition with them. Wright insists Neufeld was not an agent for himself or P.C. Rather, he asserts Neufeld was an agent for Dr. Cram. This is a question of fact.

The trial court made no direct findings on the issue. However, the trial court apparently found Neufeld to be an agent for Wright or the professional corporation. This unstated fact is necessary to uphold the trial court's judgment. *See Hubby*, 331 N.W.2d at 695. As no rule 179(b) motion was made, we assume as fact Neufeld was agent for Wright or the professional corporation. *Id.* We determine this fact is supported by substantial evidence in the record.

We determine the trial court was correct in finding Wright's or the professional corporation's retention of Neufeld was in breach of the exclusive right-to-sell contract between Wright and Practice Sales. Thus, Wright's sale to Dr. Cram was through an agent, rather than by his own efforts. Therefore, Wright and the professional corporation are not entitled to the protection of an owner's right to sell through his own efforts without liability for a commission.

We affirm the trial court on this issue.

### IV. *Sufficiency of Consideration*

■ Wright and P.C. next argue there was insufficient consideration by Practice Sales for the contract. Basically, Wright is arguing Practice Sales did not carry its end of the bargain. We review this question under the sufficiency of the evidence standard.

Practice Sales arranged for at least two prospective buyers to view the dental business. In fact, it appears Practice Sales initially introduced the ultimate buyer, Dr. Cram, to Wright. We determine substantial evidence supports the trial court's finding "the plaintiffs [Practice Sales] have done all they were required to do under the agreement."

### V. *Award of Damages*

Wright and P.C. contend the trial court erred in its award of damages to Practice Sales. We consider each point separately, although we affirm both for the same reason.

A. Award of Full Commission. Wright and P.C. claim the court erred in awarding Practice Sales a full commission on the total sales price of $157,198.15. They claim an ambiguity exists in the interpretation of paragraph 2(c) of the exclusive right-to-sell agreement. However, it does not appear

this question was ever considered or answered by the trial court.

▆▆ This is a specific issue which must be raised by a 179(b) motion in order to preserve this issue for appeal. The appellants are not merely arguing the evidence is insufficient to support the trial court's findings. Rather, they are arguing the trial court's findings were in error due to a specific ambiguity, and a different result should have been reached by the trial court. Wright and P.C. have failed to preserve error. We have repeatedly held that ordinarily matters not raised in the trial court cannot be effectively asserted for the first time on appeal. *State v. Lyon*, 223 N.W.2d 193, 194 (Iowa 1974).

We affirm the trial court on this issue.

B. Offset for Expenses. Wright and P.C. claim they are entitled to an offset on damages for the expenses Practice Sales would have incurred if they had been allowed to complete the contract. Once again, we determine appellants have failed to preserve error. An offset for expenses requires a particular finding by the trial court.

The trial court made no finding of offset in this case. No 179(b) motion was made to the trial court to expand or enlarge its findings on the issue of offset. We determine the appellants again failed to preserve error.

We affirm the trial court on this issue.

### VI. *Lease Agreement*

In their final assignment of error, Wright and P.C. contend the trial court erred by including the value of the lease agreement in the sales price. Wright's main argument is the lease was unsigned and therefore is not valid. Wright's argument is apparently grounded in the statute of frauds. Wright claims this invalid lease should not have been considered by the trial court in calculating the value of the business sold.

We determine the lease issues were either not properly preserved for reasons we have already mentioned or the findings relating to them are supported by substantial evidence. Additionally, Wright and P.C.

did not object to the introduction of the lease at trial. Nor does it appear they ever asserted these particular arguments in the lower court. Again, this is an issue which should have been raised in a rule 179(b) motion.

In passing, we note a signed writing does accompany the lease. This signed writing, denominated "Schedule # 1," sets out the general terms of the equipment lease. A list of the leased equipment is attached. The price, renewal option, and location of the equipment leased is clearly set out in the signed writing. Additionally, Wright does not allege Dr. Cram has failed to partially perform on the lease.

The contract between Practice Sales and Wright states: "Broker shall receive a commission of seven percent (7%), of ... the principal amount of any equipment lease assumptions by buyer, ..." We determine substantial evidence supports the trial court's findings concerning the lease. We affirm the trial court on these issues.

### VII. *Fraudulent Misrepresentation*

Practice Sales cross-appeals, claiming the trial court erred in denying its claim for fraudulent misrepresentation and punitive damages. We determine the trial court's findings and conclusions on these matters are supported by substantial evidence. We affirm the trial court on these issues.

We affirm the trial court on all issues.

Costs of this appeal are taxed to appellants.

AFFIRMED.