## IN THE COURT OF APPEALS OF IOWA

No. 15-1501
Filed October 26, 2016

**POLAR INSULATION, INC.,**

Plaintiff-Appellant,

**vs.**

**GARLING CONSTRUCTION, INC. and DOUGLAS DEMEULENAERE,**
Defendants-Appellees.

_____

Appeal from the Iowa District Court for Benton County, Patrick R. Grady and Paul D. Miller, Judges.

A subcontractor appeals the grants of summary judgment on its claims against a general contractor and the denial of its motion for new trial. **AFFIRMED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.

Robert H. Hatala, Roger W. Stone, and Graham R. Carl of Simmons Perrine Moyer Bergman P.L.C., Cedar Rapids, for appellees.

Heard by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

Polar Insulation, Inc. appeals the district court's grants of Garling Construction, Inc.'s motions for summary judgment, asserting there were material facts in dispute. Additionally, Polar claims the district court abused its discretion in denying its motion for new trial because the jury's verdict was neither supported by sufficient evidence nor did it effectuate substantial justice as between the parties. We affirm.

I.     Background Facts and Proceedings

Polar was a corporation involved in subcontracting framing, drywall, and insulation work.[1] Garling is a corporation involved in a variety of general contracting work, with Douglas DeMeulenaere as its president. Between September 2008 and July 2009, Polar entered into three separate subcontractor contracts with Garling. The contracts included work on a theatre and two different schools and, as relevant here, contained the same terms and provisions.

The professional relationship between the parties broke down during the course of the contracts. Generally, the parties had disputes regarding the amount of payments, the timing of payments, the payments Garling made to suppliers on behalf of Polar, the deductions Garling made from the amounts it owed Polar under the contracts, the amount of work Polar completed on the projects, and the safety of the work sites.

---

[1] Polar was administratively dissolved in 2010 but maintains its corporate existence under Iowa Code section 490.1421(3) (2009).

In August 2010, Polar filed suit and asserted claims of breach of contract against Garling, as well as claims of intentional interference with a contractual relationship and fraudulent misrepresentation against Garling and DeMeulenaere individually. Polar sought consequential damages, punitive damages, and attorney fees. In July 2012, the district court granted Garling and DeMeulenaere summary judgment on Polar's claims for intentional interference with a contractual relationship, fraudulent misrepresentation, punitive damages, and attorney fees.

Regarding the claims against DeMeulenaere individually, the court stated: "[Polar] has relied on mere allegations to support its assertion that Mr. DeMeulenaere engaged in tortious conduct, and has not pointed to any specific evidentiary fact in the record to support said assertion." Regarding the intentional-interference-with-a-contractual-relationship and fraudulent-misrepresentation claims against Garling, the court found no specific evidence that Garling improperly interfered with a contract Polar was a party to, nor any evidence Garling "made a false representation or acted with an intent to deceive." Additionally, the court found no evidence to support punitive damages—that Garling or DeMeulenaere acted with willful or wanton disregard of Polar's rights or committed an intentional tort. Finally, the court found Polar had not pled a claim which supported an award of attorney fees. However, it partially ruled in favor of Polar, allowing its breach-of-contract claim to remain for trial on the merits.

In April 2015, the district court, in granting Garling's second motion for summary judgment, found Polar had contractually waived its right to

consequential damages. Polar proceeded to trial on its only remaining claim: breach of contract against Garling. After a trial, a jury found in favor of Garling. Polar filed a motion for new trial, which asserted the verdict was not supported by sufficient evidence and the verdict did not effectuate substantial justice. The district court disagreed and denied Polar's motion. Polar appeals.

## II. Standard of Review

We review rulings on motions for summary judgment for correction of errors at law. *Estate of Harris v. Papa John's Pizza*, 679 N.W.2d 673, 677 (Iowa 2004). Summary judgment must be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "In determining whether this standard has been met, the record must be viewed in the light most favorable to the nonmoving party." *Travelers Indem. Co. v. D.J. Franzen, Inc.*, 792 N.W.2d 242, 246 (Iowa 2010).

"We review the denial of a motion for new trial based on the grounds asserted in the motion." *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012). Polar's motion is based on the sufficiency of the evidence and whether the verdict effectuated substantial justice. We review sufficiency-of-the-evidence claims for correction of errors at law. *Estate of Hagedorn ex rel. Hagedorn v. Peterson*, 690 N.W.2d 84, 87 (Iowa 2004). "Evidence is substantial or sufficient when a reasonable mind would accept it as adequate to reach the same findings." *PEB Practice Sales, Inc. v. Wright*, 473 N.W.2d 624, 626 (Iowa Ct. App. 1991). We review rulings on a motion for a new trial based on whether the

verdict effectuated substantial justice for abuse of discretion. *Hagedorn*, 690 N.W.2d at 87–88.

III.    Intentional Interference with a Contractual Relationship

Polar claims the district court erred in granting summary judgment on its intentional-interference-with-a-contractual-relationship claim against both DeMeulenaere and Garling.  Polar argues this was accomplished when DeMeulenaere personally contacted various suppliers and made promises to pay them directly.  DeMeulenaere and Garling assert Polar failed to present facts that showed either party acted improperly.

> The elements of the tort of intentional interference with an existing contract are: "(1) plaintiff had a contract with a third-party; (2) defendant knew of the contract; (3) defendant intentionally and improperly interfered with the contract; (4) the interference caused the third-party not to perform, or made performance more burdensome or expensive; and (5) damage to the plaintiff resulted."

*Green v. Racing Ass'n of Cent. Iowa*, 713 N.W.2d 234, 244 (Iowa 2006) (quoting *Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 399 (Iowa 2001)).  As to Polar's claim against DeMeulenaere individually, the district court focused on the third element and found "no evidence in the summary judgment record to support the allegation that Mr. DeMeulenaere improperly interfered with a contract to which Plaintiff was a party."

Upon our review of the record, we agree with the district court's finding. "[C]onduct is generally not improper if it was merely a consequence of actions taken for a purpose other than to interfere with a contract." *Id.*  "[A] party does not improperly interfere with another's contract by exercising its own legal rights in protection of its own financial interests." *Berger v. Cas' Feed Store, Inc.*, 543

N.W.2d 597, 599 (Iowa 1996) (citing *Wilkin Elevator v. Bennett State Bank*, 522 N.W.2d 57, 62 (Iowa 1994)). It is undisputed that Polar was late or unable to pay some of its material suppliers and subcontractors. This led to some of Polar's suppliers and subcontractors contacting DeMeulenaere directly. Further nonpayment by Polar left Garling subject to claims under chapter 573 of the Iowa Code. *See* Iowa Code § 573.2 (providing remedies for disputes regarding construction of public improvements). DeMeulenaere stated in his affidavit he contacted Polar's suppliers to try and avoid potential claims against Garling, and Polar provided no facts to dispute this claim. We agree with the district court there were no facts in the summary judgment record of DeMeulenaere's intentional interference with Polar's contractual relationships. Therefore, we affirm the district court's grant of summary judgment on this issue.

Similar to its analysis regarding Polar's claim against DeMeulenaere individually, the district court also found Polar failed to provide facts showing Garling improperly interfered with any of Polar's contractual relationships. Based on the complete lack of evidentiary facts within the summary judgment record, we agree. We further agree with Garling's assertion that this claim can be boiled down to a breach-of-contract claim but reveals no evidence of tortious activity or damages to Polar. Therefore, we also affirm the district court's grant of summary judgment on Polar's claim of intentional interference with a contractual relationship against Garling.

IV.    Fraudulent Misrepresentation

Polar next claims the district court erred in granting summary judgment on its fraudulent-misrepresentation claim against both DeMeulenaere and Garling.

Polar argues DeMeulenaere and Garling fraudulently misrepresented payment and deduction amounts when calculating payments owed to Polar. DeMeulenaere and Garling respond by asserting Polar failed to present facts that showed either intended to deceive.

"To establish a claim for fraudulent misrepresentation, [the plaintiff] has the burden of proving each of the following elements: '(1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, and (7) resulting injury and damage.'" *Van Sickle Constr. Co. v. Wachovia Commercial Mortg., Inc.*, 783 N.W.2d 684, 687 (Iowa 2010) (quoting *Lloyd v. Drake Univ.*, 686 N.W.2d 225, 233 (Iowa 2004)). To show intent to deceive, Polar must show DeMeulenaere and Garling knowingly made false representations with the intent to deceive Polar. *See id.* The district court found no evidence to support these claims.

We agree with the district court the summary judgment record does not reveal any facts that indicate either DeMeulenaere or Garling acted with the intent to deceive Polar. Polar had access to all the invoices and was able to review and dispute them. Polar's claim for fraudulent misrepresentation is largely an extension of its breach-of-contract claim in that Polar claims DeMeulenaere and Garling intended to deceive by not paying, and Polar disputes some of the deductions. Failure to fulfill obligations under a contract does not necessarily support a claim for fraudulent misrepresentation. *See id.* at 688. Therefore, lacking in evidence to support Polar's assertions, we affirm the district court's grant of summary judgment on Polar's claim of fraudulent misrepresentation against DeMeulenaere and Garling.

V.     Punitive Damages

Polar also claims the district court erred in granting summary judgment on its punitive damages claim against both DeMeulenaere and Garling. Polar argues DeMeulenaere and Garling committed tortious acts with willful and wanton disregard of its rights. DeMeulenaere and Garling assert Polar failed to present facts that showed either engaged in conduct that would support an award of punitive damages.

Punitive damages are not available unless a party can prove "conduct [that] amounted to a willful and wanton disregard for the rights of another." *Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co. of Des Moines, Inc.*, 510 N.W.2d 153, 156 (Iowa 1993). Further, a breach of contract does not form the basis for punitive damages unless the breach constitutes an intentional tort, committed maliciously. *Id.* After granting summary judgment against Polar on its tort claims, the district court determined there were no disputed facts in the record that would support an award of punitive damages. Having determined the district court's grants of summary judgment should be affirmed, we agree there were no disputed facts in the record that would support a finding that the alleged breach of contract constituted an intentional tort, committed maliciously. Therefore, we affirm the court's grant of summary judgment on Polar's punitive-damages claim.

VI.     Attorney Fees

Polar claims the district court erred in granting summary judgment on its attorney-fees claim because it filed a claim under chapter 573. Because Polar is not the prevailing party and has not "established a claim," its claim for attorney

fees inherently fails. *See* Iowa Code § 573.21 ("The court may tax, as costs, a reasonable attorney fee in favor of any claimant for labor or materials who has, in whole or in part, established a claim.").

VII.    Consequential Damages

Polar's final argument as to the summary judgment rulings involves its consequential damages claim against Garling. Polar argues the contracts did not prevent consequential damages and that it did not waive its claim to consequential damages. Garling asserts Polar waived its right to consequential damages under the subcontractor contracts.

Section 14.2 of the subcontractor agreements provided, in part,

> In any event Subcontractor shall not be entitled under this Subcontract or otherwise, and hereby waives any claims for lost profits or consequential damages. Subcontractor's remedies are limited to those expressly provided for in this Agreement. Limitations of liability and waivers established herein for the benefit of Owner, Contractor, their respective officers, directors and employees shall be effective regardless of negligence, strict liability or negligence of such parties.

The district court determined that this section was clear and Polar had not offered any reason the section should fail. Accordingly, the court determined Polar waived its right to consequential damages and granted summary judgment in favor of Garling.

The Iowa Supreme Court has implicitly endorsed contractual limitations on consequential damages in the sales context. *See Shinrone, Inc. v. Tasco, Inc.*, 283 N.W.2d 280, 285 (Iowa 1979) ("Any seller who does not wish to take the risk of consequential damages has available the section on contractual limitation of remedy." (citation omitted)). We see no reason the same limitation would not be

available here. Section 14.2 was clear, and we agree Polar waived its right to consequential damages. Therefore, we affirm the district court's grant of summary judgment on Polar's consequential damages claim.

VIII. Motion for New Trial

The only issue left for the jury to decide was Polar's breach-of-contract claim against Garling. When the jury found for Garling, Polar sought a new trial, which the district court denied. Polar contends the district court abused its discretion in denying its motion and asserts the jury's verdict is not supported by sufficient evidence and is "radically inconsistent with the undisputed evidence at trial." Garling asserts Polar simply disagreed with the jury's findings and sought to have the district court adopt its version of the facts.

From the trial record, the jury could have concluded Garling did not breach its contracts with Polar. Trial occurred over the course of five days and included the introduction of scores of exhibits by both parties. The jury could have reasonably based its conclusion on the numerous factual and credibility determinations it was required to make, including: its evaluation of the dozens of invoices and receipts presented by both sides, its determination of the amount owed and paid by Garling, its determination of the timeline of potential breaches by both parties, its credibility determination regarding the dispute over paying suppliers, its evaluation of the work completed, and its evaluation of the terms of the contracts. Simply put, the jury could have believed Garling's version of events and figures. While a different result could have been reached, the jury chose to find for Garling. Taken together, we conclude there was sufficient evidence in the record to support the jury's verdict, and the court did not abuse

its discretion in determining the verdict effectuated substantial justice, thereby denying Polar's motion for a new trial. *See Hagedorn*, 690 N.W.2d at 87–88; *Cowan v. Flannery*, 461 N.W.2d 155, 157 (Iowa 1990) ("Ordinarily the jury should be allowed to settle disputed fact questions.").

IX.    Conclusion

Because we agree Garling and DeMeulenaere were entitled to summary judgment on Polar's claims for intentional interference with a contractual relationship, fraudulent misrepresentation, punitive damages, and attorney fees, and because we agree Garling was entitled to summary judgment on Polar's claim for consequential damages, we affirm the district court's grants of summary judgment. Because we agree there was sufficient evidence to support the jury's verdict and the district court did not abuse its discretion, we affirm the district court's denial of Polar's motion for new trial.

**AFFIRMED.**